UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS, )
 )
 Plaintiff, )
 )
v. ) Case No: 05-1241
 )
CONSUMER ADJUSTMENT COMPANY (CACI),)
 )
 Defendant. )

**DEFENDANT'S RESPONSE TO MOTION TO COMPEL
ANSWERS TO INTERROGATORIES**

**NOW COMES** the Defendant, Consumer Adjustment Company, Inc. (CACI), by and through its attorneys, Schuering & Associates, P.C., and in response to the Plaintiff's Motion To Compel Answers to Interrogatories, states as follows:

1. That Rule 37 (a) (a) (A) requires the Plaintiff to have attempted, in good faith, to have conferred with the Defendant to resolve any discovery disputes that may arise before seeking judicial intervention.

2. That the Plaintiff attaches a Certificate wherein the Certificate states that "On December 5, 2005, the Plaintiff sent a letter in an attempt to avoid court intervention."

3. That the Plaintiff attaches, as "Exhibit C", the letter referenced in the Plaintiff's Certificate of Conferral.

4. That "Exhibit C" does not relay any attempt to settle a discovery dispute. "Exhibit C" merely complains to Defendant of the substance of Defendant's response with no opportunity for discussion given.

5. That the Defendant mailed a supplemental response to the Plaintiff in this matter on December 8, 2005 via U.S. Certified Mail. A copy of this Certified envelope is attached hereto a "Exhibit A" and is incorporated herein by this reference.

6. That "Exhibit A" hereto shows that the Plaintiff did not claim the mailing. "Exhibit A" does not show that the mailing was undelivered or that the address for the Plaintiff was in error.

7. That the failure of the Plaintiff to claim the mailing is not a good faith effort to settle discovery disputes in this matter.

8. That the knowledge of Shawn Farris and Matt Clark was disclosed in a Supplemental Response to these Interrogatories sent to the Plaintiff via U.S. Certified Mail on December 8, 2005. This supplemental response has agin been served on Plaintiff on January 3, 2006. Further, the Plaintiff's seems well aware of the knowledge possessed by Andrea Higgins, Jamie Clifton and Christine Kay, as evidenced by his recital of such knowledge in his Motion To Compel. The Defendant states herein that the knowledge that the Plaintiff assumes Higgins, Clifton and Kay to possess is indeed the knowledge that they possess in this matter, and the Defendant's response to Plaintiff's interrogatory is hereby supplemented to reflect that disclosure.

9. That, regarding the Response to Interrogatory No. 2 and its supplement, the Plaintiff correctly realizes that the automated messaging system is not a person or an employee. The Defendant

messaging systems as a Response to Interrogatory No. 2. A photocopy of the Plaintiff's Interrogatories is attached hereto as "Exhibit B" and is incorporated herein by this reference.

10. That Interrogatory No. 3 has been supplemented in the same document as Interrogatory No. 1, cited above.

11. That Interrogatory No. 5 is identical to Plaintiff's Request To Produce No. 1 and is objected to on the same grounds as those given in Response No. 1 of Defendant's Response to Motion To Compel Document Production. Those grounds are repeated and reaffirmed herein as if fully set forth at this point.

**WHEREFORE**, the Defendant prays for an Order of this Court:

1. Dismissing the Plaintiff's Motion To Compel;

2. Alternatively, limit the scope of documents that may be received by the Plaintiff in Response to Plaintiff's Request No. 5.

> Respectfully Submitted,
> By:___s/Michael L. Hill
> Bar No. 6284881
> Attorney for Defendant
> Schuering & Associates, P.C.
> 3050 Montvale Drive, Suite B
> Springfield, Illinois 62704
> Telephone: (217) 698-6060
> Facsimile: (217) 698-6161
> michael.hill@skklawyer.com

DEFENDANT'S EXHIBIT A



SCHUERING & ASSOCI.
ATTORNEYS AT LAW
3050 MONTVALE DRIVE, SU
P.O. Box 9622
SPRINGFIELD, ILLINOIS 6279

CERTIFIED MAIL

7003 1010 0002 4917 7334

Kenneth W. Simmons
12836 Anzeller Road
Mackinaw, Illinois 61755

12.9.05
12/14/05
12/24/05

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Kenneth W Simmons
   12836 Appenzeller Road
   Mackinaw, Illinois
   61755

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7003 1010 0002 4917 7334

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540


DEFENDANT'S EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS

-V-                                                        CASE NO. 05-1241

CONSUMER ADJUSTMENT COMPANY
(CACI)

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff requests the defendant answer the following interrogatories within 30 days of service. In responding to these interrogatories, please adhere to the definitions and instructions attached as exhibit A.

Interr. 1:
　　Identify each person having knowledge of any facts or circumstances relating to the defendants defenses or plaintiff's complaint, briefly describe the facts that person has knowledge.
Interr. 2:
　　Identify each person/employee having called the Plaintiff.
Interr. 3:
　　Identify the company providing phone service to the defendant.
Interr. 4:
　　Identify and provide the qualifications of each person or expert, defendant may or will call as a witness, state the subject matter on which he/she is expected to testify, the substance of the facts and opinions to which the person or expert is expected to testify and a summary of the testimony and/or grounds for each testimony and/or opinion.
Interr. 5:
　　Identify all charges, lawsuits, cause of action, or other claims, whether in a judicial or administrative proceedings or otherwise, in which the defendant is or was a defendant, respondent, or otherwise named in the action.
Interr. 6:
　　State the full and complete factual and legal basis for each answer to the complaint.

10-27-05
Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820

KENNETH W. SIMMONS
Pro Se

# EXHIBIT A

## DEFINITIONS

As used herein, all terms shall have the fullest and broadest meaning accorded to those terms and shall have the meaning generally ascribed to such terms in common parlance. In addition, the words and terms listed below shall have the following meanings:

1. The term "identify" (a) when used with respect to a natural person shall mean to state the person's (1) full name, (2) last known home and business addresses, (3) last known home and business telephone numbers, (4) last known employer, (5) last known title or occupation, (6) if the person's present whereabouts are unknown, all information known you that reasonably may be helpful in locating the person (for example, spouse's name, children's names and addresses and the names and addresses of other known relatives), and (7) that person's relationship, if any, to plaintiff; (b) when used with respect to a corporation or business entity other than a natural person shall mean to state that entity's name, address of its principal place of business and telephone number; and (c) when used with respect to a document shall mean to state the title or name of the document (or provide a brief description thereof), the author(s), the recipient(s), and the date it was created.

2. The term "person" shall mean any natural person or any corporation, partnership, limited liability corporation, limited partnership, joint venture, firm, association, proprietorship or any other business, legal or governmental entity or association.

3. The term "document" and "documents" shall be broadly interpreted to include any and all items discoverable pursuant to the Federal Rules of Civil Procedure including all written, recorded or graphic matters, drawings, charts, photographs, and other data compilations from which data can be obtained, and including originals and copies, however

produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, drafts or notes of any and all of the following: letters, correspondence, telegrams, telexes, telefaxes or facsimiles, e-mails, voice mails or other communications, whether received, sent or otherwise obtained, diary entries, calendars, journals, desk pads, logs, telephone messages or appointment books; memoranda, instructions, notes, reports, studies, computations, surveys, summaries, or tabulations; contracts, agreements, offers or drafts thereof; newspapers, periodicals, pamphlets, magazines or books; invoices, bills, statements, receipts, account statements, signature cards, promissory notes, or minutes; printouts, photographs, negatives, tables, charts, graphs, tapes, cassettes, videocassettes, sound recordings, phonographic records, films, information stored on computer hard drives, disks or tapes (together with the programming instructions and other written material necessary to use the computer records and memory devices supplied and together with printouts of the information contained therein); minutes, notes, summaries or other records of any conferences, meetings, visits or telephone calls; canceled checks or check stubs, vouchers, ledgers, receipts or other records of payments; court pleadings and records, affidavits, witness statements or sworn statements; promissory notes, timesheets, transcripts, licenses, schedules; or any other written, photographed, copied, typed or otherwise recorded material. A draft or non-identical copy is a separate document within the meaning of this term.

    4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. The use of the singular form of any word includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense shall include the present tense where the clear meaning is not distorted by change of tense.

## INSTRUCTIONS

1. Each interrogatory shall be construed to include all supplemental information responsive to the interrogatory that is later discovered by or otherwise comes to your attention.

2. In answering these interrogatories, you are required to furnish all information as available to you or subject to your reasonable inquiry, including information in possession of your attorneys, accountants, advisors or other persons either directly or indirectly employed by or connected with you or your attorneys, or anyone else otherwise subject to your control.

3. If the following interrogatories cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

4. If you refuse to answer any interrogatory based on a claim of attorney-client, work product or other privilege, provide a statement setting forth with respect to each interrogatory the exact factual and legal basis on which your claim of privilege is made.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS

-V-                                                                    CASE NO. 05-1241

CONSUMER ADJUSTMENT COMPANY
(CACI)

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Plaintiff's document requests and interrogatories was sent via U.S.Mail, certified number 7002 2030 8195 8138 this 10-27-05 bfore 5 p.m..

KENNETH W. SIMMONS
Pro Se

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820

```
                UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF ILLINOIS
                      PEORIA DIVISION
```

KENNETH W. SIMMONS,                )
                                   )
          Plaintiff,               )
v.                                 )    Case No: 05-1241
                                   )
CONSUMER ADJUSTMENT COMPANY (CACI) )
                                   )
          Defendant.               )

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on January 3, 2006, I electronically filed the foregoing Certificate of Service regarding the Defendant's Response to Motion To Compel Answers To Interrogatories with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kenneth W. Simmons, 12836 Appenzeller Road, Mackinaw, Illinois 61755, and I certify that I have sent the document by email to the Plaintiff at simmons@route24.net.

s/ Michael L. Hill
Michael L. Hill
Reg. # 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
michael.hill@skklawyer.com