UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS, )
)
Plaintiff, )
)
v. ) Case No: 05-1241
)
CONSUMER ADJUSTMENT COMPANY (CACI), )
)
Defendant. )

## DEFENDANT'S RESPONSE TO MOTION TO COMPEL DOCUMENT PRODUCTION

**NOW COMES** the Defendant, Consumer Adjustment Company, Inc. (CACI), by and through its attorneys, Schuering & Associates, P.C., and in response to Plaintiff's Motion to Compel Document Production, states as follows:

1. That Rule 37 (a) (2) (A) requires that the Plaintiff must have attempted, in good faith, to confer with the Defendant regarding disputes in the discovery process.

2. That the Plaintiff attaches a Certificate that states that, on December 5, 2005, the Plaintiff attempted to confer with counsel for the Defendant.

3. That the Plaintiff attaches, as "Exhibit C", a copy of a letter dated December 5, 2005 which requests certain corrections to be made by the Defendant in four days.

4. That the Defendant had, on November 9, 2005, sent supplemental responses to the Plaintiff's Request to Produce via U.S. Certified Mail.

5. That the mailing of November 9, 2005 was returned as "unclaimed" by the Plaintiff.

6. That the Plaintiff has complained in the past of not receiving his mail, yet the envelope was not marked in any other fashion except that the Plaintiff refused to accept delivery by not claiming the mailing.

7. Such refusal is not a good faith attempt to resolve discovery disputes as is required by Federal Rules of Civil Procedure 37.

8. Request No. 1 requires the Defendant to provide all documents that refer to any sort of legal or administrative action in which the Defendant was a named party. Such request, as written, is overly broad, as it will result in the possible reproduction of documents that have absolutely no bearing on the matter at hand. Further, the Response will require copies to be made at a great expense to the Defendant. The Defendant renews its objection to this Request based on these grounds, but further makes these documents available for inspection and photocopying by the Plaintiff at the offices of the Defendant and at the Plaintiff's own expense. In the event that the Court compels the Defendant to produce all of these documents, the Defendant requests a limiting instruction from this Court regarding the use of any such documents copied, either by Defendant or Plaintiff, and restricting their use to the case at bar. The Plaintiff's Request To Produce is attached hereto a "Exhibit A" and is incorporated herein by this reference.

9. The Defendant maintains its Response to Request No. 2 and requests that the Defendant be allowed to seasonably supplement this Response upon completion of discovery in this matter.

10. Request No. 3 requires all telephone calls made or received by the Defendant for roughly a one-month time frame. As written, this request is overbroad and unduly burdensome in that the Defendant is a telephone call center that makes and receives approximately 55,000 calls a week. Compliance with this request would provide approximately 499,997 irrelevant records as the Defendant is only concerned with three calls made to his residence in this time period. The dates and times of the three calls in question are furnished in the supporting documentation attached to the Defendant's original Response to the Plaintiff's Request To Produce. The Defendant further states that the Plaintiff makes this Request with the intent to harass and unduly burden the Defendant and such Request is an attempt to increase the Defendant's litigation costs and attorneys fees in this matter.

11. Request No. 4 has been seasonably supplemented via U.S. Certified Mail and that mailing was subsequently refused by the Plaintiff. Attached hereto is a copy of the refused Certified envelope as "Exhibit B" which is incorporated herein by this reference. This supplement has been re-submitted via email to the Plaintiff on January 3, 2006.

12. The documents attached in response to Request No. 5, 6, 7 and 8 of the Plaintiff's Request For Document Production are all,

as a group, in response to those requests. Further, the Defendant will supplement these Responses in a seasonable manner as more information becomes available to the Defendant.

13. Request No. 9 requires the production of Employee Training Manuals, the Defendant's hiring procedures, and documents relating to the Fair Debt Collections Practices Act. The Defendant maintains its response to the request for training manuals and will seasonably supplement this response as that information becomes available. The Defendant maintains its objection to the request for documentation regarding the hiring procedures of the Defendant by stating that this request cannot be reasonably calculated to lead to the discovery of relevant information and is, therefore, outside the scope of discovery. The hiring procedures of the Defendant do not have any bearing on the Plaintiff's claim that he was harassed by the action of the Defendant. Finally, the Defendant maintains its objection to the Plaintiff's Request For Production of all documents that relate to the Fair Debt Collections Practices Act and further states that such documentation is expansive in its written form and is readily available to the Plaintiff via any number of sources at no expense to the Plaintiff as the Act is a matter of public concern. Reproduction of the Act as requested would be needlessly and extremely costly to the Defendant.

**WHEREFORE**, the Defendant prays for an Order of this Court:

1. Dismissing the Plaintiff's Motion to Compel;

2. Allowing the Defendant to seasonably supplement those areas set forth by the Defendant herein that will require further supplementation;

3. Alternatively, limit the scope as requested in Paragraph 8 herein of any documents that the Court compels the Defendant to produce in accord with Request No. 1 of the Plaintiff's Request To Produce Documents; and,

4. For such further relief as the Court deems fair and equitable in the circumstances of this matter.

Respectfully Submitted,
By:   s/Michael L. Hill
Bar No. 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
michael.hill@skklawyer.com


**DEFENDANT'S EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS

-V-                                                                CASE NO. 05-1241

CONSUMER ADJUSTMENT COMPANY
(CACI)

### PLAINTIFF'S FIRST REQUEST TO PRODUCE

Plaintiff, Kenneth W. Simmons, requests defendant CACI produce the following documents within 30 days of service hereof. The documents shall be produced at 12836 Appenzeller Rd. Mackinaw, Illinois 61755. In responding to the document requests, please follow the Definitions and Instructions attached hereto and incorporated herein as Exhibit A.

Request 1:
All documents that relate or refer to any charges, lawsuits, causes of action, or other claims, whether in a judicial or administative proceeding, in which the defendant is or was a defendant, or respondent, or otherwise named in the action.

Request 2:
All documents that relate or refer to the defenses provided by the defendant in the defendants " answer" to Plaintiff's complaint.

Request 3:
All documents that relate or refer to the defendants phone calls made or received from 2-18-05 thru 3-20-05.

Request 4:
All documents that relate or refer to Pekin Hospital.

Request 5:
All documents that relate or refer to account number S84229.

Request 6:
All documents that refer or relate to CACI's use of reference number 0005073091-0001.

Request 7:
All documents that defendant intends to rely on at trial.

Request 8:
All documents that relate or refer to Kenneth W. Simmons.

Request 9:
All documents that relate or refer to employee training manuals, hiring procedures, and Fair Debt Collections Practices Act.

Dated 10-27-05

Kenneth W. Simmons                                         KENNETH W. SIMMONS
12836 Appenzeller Rd.                                         Pro Se
Mackinaw, Ill. 61755
309-359-5820

# EXHIBIT A

## DEFINITIONS

As used herein, all terms shall have the fullest and broadest meaning accorded to those terms and shall have the meaning generally ascribed to such terms in common parlance. In addition, the words and terms listed below shall have the following meanings:

1. The term "document" and "documents" shall be broadly interpreted to include any and all items discoverable pursuant to the Federal Rules of Civil Procedure including all written, recorded or graphic matters, drawings, charts, photographs, and other data compilations from which data can be obtained, and including originals and copies, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, drafts or notes of any and all of the following: letters, correspondence, telegrams, telexes, telefaxes or facsimiles, e-mails, voice mails or other communications, whether received, sent or otherwise obtained, diary entries, calendars, journals, desk pads, logs, telephone messages or appointment books; memoranda, instructions, notes, reports, studies, computations, surveys, summaries, or tabulations; contracts, agreements, offers or drafts thereof; newspapers, periodicals, pamphlets, magazines or books; invoices, bills, statements, receipts, account statements, signature cards, promissory notes, or minutes; printouts, photographs, negatives, tables, charts, graphs, tapes, cassettes, videocassettes, sound recordings, phonographic records, films, information stored on computer hard drives, disks or tapes (together with the programming instructions and other written material necessary to use the computer records and memory devices supplied and together with printouts of the information contained therein); minutes, notes, summaries or other records of any conferences, meetings, visits or telephone calls; canceled checks or check stubs,

vouchers, ledgers, receipts or other records of payments; court pleadings and records, affidavits, witness statements or sworn statements; promissory notes, timesheets, transcripts, licenses, schedules; or any other written, photographed, copied, typed or otherwise recorded material. A draft or non-identical copy is a separate document within the meaning of this term.

2. The terms "refer" or "relate" shall mean directly or indirectly concerning, reflecting, pertaining to, describing, evidencing or constituting, or in any way legally, logically, or factually connected with the stated person or subject matter.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The use of the singular form of any word includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense shall include the present tense where the clear meaning is not distorted by change of tense.

## INSTRUCTIONS

1. Each document request shall be construed to include all supplemental information responsive to the document request that is later discovered by or otherwise comes to your attention.

2. In answering these document requests, you are required to furnish all information as available to you or subject to your reasonable inquiry, including information in possession of your attorneys, accountants, advisors or other persons either directly or indirectly employed by or connected with you or your attorneys, or anyone else otherwise subject to your control.

3. If any document requested was at one time but is no longer in existence, as to each document, each party that had possession, custody or control of such document shall identify: the type (e.g., letter, e-mail, etc.); the date, its subject matter, the author(s), addressor(s) or originator(s); the addressee(s); all persons to whom distributed, shown or explained, the number of pages, attachments or appendices; the date upon which the document ceased to exist; the circumstances under which it ceased to exist; the identity of all persons having knowledge of the contents of such document; the person authorizing the destruction and the person destroying the document.

4. If you withhold any document based on a claim of attorney-client, work product or other privilege, provide a statement setting forth with respect to each such document:

   a. the date of the document;

   b. the author of the document;

   c. the identity of all persons designated as receiving or known to have received copies of the document;

   d. the type (e.g., letter, e-mail, etc.) and subject matter of the document; and

   e. the exact factual and legal basis on which your claim of privilege is made.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS

-V-    CASE NO. 05-1241

CONSUMER ADJUSTMENT COMPANY
(CACI)

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Plaintiff's document requests and interrogatories was sent via U.S.Mail, certified number 7002 2030 8195 8138 this 10-27-05 bfore 5 p.m..

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820

KENNETH W. SIMMONS
Pro Se



DEFENDANT'S EXHIBIT B



SCHUERING & As
ATTORNEYS
3050 MONTVALE Dr
P.O. Box 9
SPRINGFIELD, ILLINO

6279L

CERTIFIED MAIL

7003 1010 0002 4917 7761

Kenneth W. Simmons
12836 Oppenzeller Road
Mackinaw, Illinois 61755

1st NOTICE 11/2/05
2nd NOTICE 11/17/05
RETURNED 11/25/05

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Kenneth W Simmons
   12836 Oppenzeller Road
   Mackinaw, Ill. 61755

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)
   7003 1010 0002 4917 7761

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

```
               UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF ILLINOIS
                     PEORIA DIVISION
```

KENNETH W. SIMMONS,              )
                                 )
            Plaintiff,           )
v.                               )    Case No: 05-1241
                                 )
CONSUMER ADJUSTMENT COMPANY (CACI) )
                                 )
            Defendant.           )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on January 3, 2006, I electronically filed the foregoing Certificate of Service regarding the Defendant's Response to Motion To Compel Document Production with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kenneth W. Simmons, 12836 Appenzeller Road, Mackinaw, Illinois 61755, and I certify that I have sent the document by email to the Plaintiff at simmons@route24.net.

s/ Michael L. Hill
Michael L. Hill
Reg. # 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
michael.hill@skklawyer.com