E-FILED
Tuesday, 10 January, 2006 03:12:37 PM
Clerk, U.S. District Court, ILCD

```
              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF ILLINOIS
                    PEORIA DIVISION
```

KENNETH W. SIMMONS,              )
                                 )
          Plaintiff,             )
                                 )
v.                               )    Case No: 05-1241
                                 )
CONSUMER ADJUSTMENT COMPANY (CACI),)
                                 )
          Defendant.             )

**RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The Plaintiff states that, on three occasions, the Defendant caused his telephone to ring, thereby causing him to be annoyed, feel abused, and harassed. The Plaintiff's Motion For Summary Judgment merely re-states the allegations made in the Plaintiff's initial complaint and offers no evidence to demonstrate the intent of the Defendant in making telephone calls to the Plaintiff. There are three enumerated exceptions in 15 USC 1692 C (c) under any one of which the Defendant would be allowed to continue communication attempts with the Plaintiff. The intent of the Defendant in telephoning the Plaintiff is an essential element to the Plaintiff's cause of action, yet no evidence to show any intent on the part of the Defendant to annoy, abuse or harass the Plaintiff is given in the Plaintiff's Motion For Summary Judgment, neither does evidence of the Defendant's intent to annoy, abuse or harass the Plaintiff appear anywhere in the record of this case.

In the Plaintiff's Motion For Summary Judgment, as well as Plaintiff's original Complaint, the Plaintiff alleges that telephone calls were made by the Defendant to the Plaintiff on February 24, 2005, and on March 7, 2005, as well as on March 19, 2005. The only evidence the Plaintiff relies upon is a chart which alleges to show telephone calls made from the Defendant to the Plaintiff on the three dates in question. However, no authentication or identification as to the source of the document is provided in the record.

Finally, the Plaintiff states that the Defendant violates 15 USC 1692 G (b) by failing to cease communication with the Plaintiff upon notification of the Plaintiff disputing the debt. That Statute provides that a debt collector shall cease collection efforts upon notification by the debtor that the debt is being disputed and allows 30 days from the initial contact of the debt collector with the debtor for the debtor to dispute said debt. The Plaintiff fails to provide any evidence, either in the record or in the Plaintiff's Motion For Summary Judgment, to demonstrate that the Defendant continued with collection efforts after such notification. The Defendant will provide evidence demonstrating that collection efforts ceased and that telephone calls placed after the dispute of the debt were not collection efforts, but were merely attempts to investigate the reasons for the Plaintiff's dispute of the debt.

The Defendant seeks to have the Plaintiff's Motion For Summary Judgment dismissed on all Counts for the foregoing reasons.

### RESPONSE TO UNDISPUTED MATERIAL FACTS

There are no facts listed in Plaintiff's Motion For Summary Judgment which are undisputed by the Defendant as all of the "facts" listed by the Plaintiff are not facts at all but are legal conclusions that are unsupported by factual evidence.

### DISPUTED MATERIAL FACTS

1. The contents of the letter referred to in the first paragraph of Plaintiff's Motion For Summary Judgment from Plaintiff to Defendant dated February 18, 2005, and received by the Defendant on February 22, 2005, cited as Exhibit C in the Plaintiff's Motion For Summary Judgment.

2. In Counts I, IV and VII, the alleged violation of 15 USC 1692 C (c) and the statutory exemptions thereto and the authenticity of Plaintiff's Exhibit D to Plaintiff's Motion For Summary Judgment.

3. In Counts II, V and VIII, the element of intent necessary for a violation of 15 USC 1692 D (5), and the authenticity of Plaintiff's Exhibit D to Plaintiff's Motion For Summary Judgment.

4. In Counts III, VI and IX, the alleged violation of 15 USC 1692 G (b) and the lack of knowledge of the purpose of these calls.

### IMMATERIAL FACTS

Though the Plaintiff's Motion For Summary Judgment does not follow the format required in the local rules for the United States

District Court in the Central District of Illinois, Rule 7.1 (D)(1) and is, therefore, difficult to follow, it does not appear that the Plaintiff's Motion For Summary Judgment lists any immaterial facts.

### ADDITIONAL MATERIAL FACTS

The Plaintiff has produced no evidence to indicate that it was the intent of the Defendant to annoy, abuse or harass the Plaintiff.  The Defendant includes an Affidavit of Roger Weiss, President of Consumer Adjustment Company, Inc., Defendant, attached hereto as Exhibit A and incorporated herein by this reference, which discloses the intent of the Defendant in telephoning the Plaintiff, and also discloses the purpose of the telephone calls in question.

### ARGUMENT

The Plaintiff states in his Motion For Summary Judgment that the letter sent to the Defendant, Exhibit C to Plaintiff's Motion for Summary Judgment, contains a request that the Defendant cease communication with the Plaintiff regarding the debt to Pekin Hospital.  Exhibit C contains no such passage which forbids the Defendant from further communication with Plaintiff.  Exhibit C does contain a threat of future legal action by stating " if you harass me again, I am allowed to recover damages in the State of Illinois."  The issue of what terms are necessary to effect a debtor's request that a debt collector cease communication with the debtor is a genuine issue of a material fact in this matter and, as such, is an issue not ripe for Summary Judgment.

While the letter dated February 22, 2005 does contain a denial of the debt, it does not contain an outright refusal to pay the debt. Such refusal to pay is an essential element of 15 USC 1692 C (c). A violation of 15 USC 1692 C (c) requires that a consumer must notify a debt collector in writing "that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer..." 15 USC 1692 C (c). What language is necessary to convey a debtor's refusal to pay a debt is a genuine issue of a material fact with regards to Counts I, IV and VII in this matter and, as such, is an issue not ripe for Summary Judgment. Further, 15 USC 1692 C (c) allows for the exception under which the Defendant would be permitted to contact the Plaintiff. As the Plaintiff has shown no evidence as to the purpose of the Defendant's telephone calls, the issue of the purpose of these calls is a material fact that is an issue and not ripe for summary judgment.

The Plaintiff claims that the Defendant has violated 15 USC 1692 D (5). An essential element of a violation of 1692 D (5) is the element of intent. A violation of 1692 D (5) is committed by "causing a telephone to ring or engaging any person in telephone conversation...with intent to annoy, abuse, or harass any person at the called number." 15 USC 1692 D (5). "At the outset, we note the Seventh Circuit's warning that summary judgment is 'notoriously inappropriate' where a party's intent is at issue." EEOC v. Northwestern Mem. Hosp., 858 F. Supp. 759, 766 (N. Dist. Il. 1994) Quoting Pfizer v. International Rectifier Corp., 538 F. 2d 180, 185

(8th Cir. 1976). Even if one were to try and infer the intent of the Defendant from the record, 3 calls in one month as complained of is not evidence of any intent to annoy, abuse or harass on the part of the Defendant.

> "Two completed telephone calls, spaced a couple of weeks apart, are hardly intentional harassment...An automated system that could conceivably have placed one call a day...which is not recorded because the person called hung up before any connection was made, cannot be said to have been created to intentionally harass the person called."

<u>Bennet v. Arrow Financial Services, LLC</u>, 2004 U.S. Dist. Lexis 6617 (N. Dist. 2004). Here, as in <u>Bennet</u>, the Plaintiff did not answer the phone on the three occasions complained of. Further, three calls spaced almost a month apart are very analogous to the situation in <u>Bennet</u>.

The issue of intent in the alleged violation of 15 USC 1692 D (5) as made in Counts II, V, and VIII is an issue that is not ripe for summary judgment.

The Plaintiff fails to show that the Defendant did not cease collection efforts upon notification that the debt was disputed. The Plaintiff did not answer telephone calls made by the Defendant and, therefore, has no knowledge of the purpose of those calls. The Defendant provides a sworn Affidavit of Roger Weiss that demonstrates that the purpose in telephoning the Plaintiff was to investigate the reasons for the Plaintiff's denial of the debt. This Affidavit, a copy of which is attached hereto a Exhibit A and incorporated herein by reference, taken with the extremely low volume of calls complained of, leaves question as to the reason for

the calls from the Defendant. The reason for the calls is central to the Plaintiff's claim of alleged violations of 15 USC 1692 g (b) in that the Statute directs the Defendant to cease collection of the debt but does not forbid communication with the Plaintiff for other reasons. As the Plaintiff has shown no evidence, in either the record or in his Motion For Summary Judgment, of the purpose of the alleged calls from the Defendant and such purpose is a material fact to the claims of the Plaintiff, this issue as raised in Counts III, VI and IX is not ripe for summary judgment.

        Respectfully submitted,
        s/ Michael L. Hill
        Michael L. Hill
        Reg. # 6284881
        Attorney for Defendant
        Schuering & Associates, P.C.
        3050 Montvale Drive, Suite B
        Springfield, Illinois 62704
        Telephone: (217) 698-6060
        Facsimile: (217) 698-6161
        michael.hill@skklawyer.com

```
             UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF ILLINOIS
                   PEORIA DIVISION
```

KENNETH W. SIMMONS,            )
                               )
            Plaintiff,         )
v.                             )    Case No: 05-1241
                               )
CONSUMER ADJUSTMENT COMPANY (CACI) )
                               )
            Defendant.         )

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on January 10, 2006, I electronically filed the foregoing Certificate of Service regarding the Response To Plaintiff's Motion For Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A

and I certify that I have emailed the Response to Plaintiff's Motion For Summary Judgment to: Kenneth W. Simmons, simmons@route24.net.

                                s/ Michael L. Hill
                                Michael L. Hill
                                Reg. # 6284881
                                Attorney for Defendant
                                Schuering & Associates, P.C.
                                3050 Montvale Drive, Suite B
                                Springfield, Illinois 62704
                                Telephone: (217) 698-6060
                                Facsimile: (217) 698-6161
                                michael.hill@skklawyer.com



```
              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF ILLINOIS
                     PEORIA DIVISION

KENNETH W. SIMMONS,              )
                                 )
              Plaintiff,         )
                                 )
v.                               )    Case No: 05-1241
                                 )
CONSUMER ADJUSTMENT COMPANY (CACI),)
                                 )
              Defendant.         )
```

### AFFIDAVIT OF ROGER WEISS

```
STATE OF MISSOURI        )
                         )§
COUNTY OF ST. LOUIS      )
```

I, Roger Weiss, being first on oath, duly sworn, depose and state as follows:

1. That I am the President of Consumer Adjustment Company, Inc. In St, Louis, Missouri.

2. That the records of Consumer Adjustment Company, Inc., do not show any telephone calls made from Consumer Adjustment Company, Inc. (CACI), Defendant, to Kenneth W. Simmons, Plaintiff, on February 24, 2005, or March 7, 2005.

3. That the telephone call from Defendant to Plaintiff on March 19, 2005, was an attempt to contact the Plaintiff to further investigate his dispute that the bill was owed.

3. That no verification of the debt was sent to the Plaintiff as the Defendant was unable to complete investigation of the dispute due to the Plaintiff's unwillingness to communicate with the Defendant.

4. That a letter was received by the Defendant from the Plaintiff on April 8, 2005 in which the Plaintiff requested that the Defendant cease communication with the Plaintiff.

5. That no other letter which directly instructed the Defendant to cease communication with the Plaintiff was received by the Defendant.

6. The letter, dated April 8, 2005, does not appear in the Defendant's file on this matter.

7. That, upon the notification by the Plaintiff that the

Defendant should cease communication with the Plaintiff, the Defendant ceased all communication with the Plaintiff.

8.   That phone messages left on the Plaintiff's answering service disclosed only that the Defendant was attempting to contact the Plaintiff and a telephone number was left for the Plaintiff to return the call to the Defendant.

9.   That the Plaintiff, or its representatives, did not personally speak with the Plaintiff until August 17, 2005, when the Plaintiff telephoned the offices of the Defendant requesting the Defendant's physical address in order to file suit.

FURTHER, AFFIANT SAYETH NAUGHT.

_12/22/05_
Date

_/s/ Roger Weiss_
Roger Weiss

Subscribed and sworn to before me this _12_ day of _December_, 2005.

_/s/ Clare L. Olive_
Notary Public

