UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Kenneth Simmons,                )
                   Plaintiff    )
                                )
                                )          Case No. 05-1241
                                )
Consumer Adjustment Co, Inc.,   )
                   Defendant    )

### ORDER

Now before the court are four motions: Plaintiff's motion to compel interrogatory answers (#44); Plaintiff's motion to compel document production (#45); Defendant's motion to strike (#40) and Defendant's motion to quash (#38). The motions are briefed (with one exception noted below) and the court makes the following rulings:

### PLAINTIFF'S MOTION TO COMPEL INTERROGATORY ANSWERS #44

As a preliminary matter, Plaintiff sets forth what he describes as his "good faith" efforts to resolve the dispute before bringing this matter to the court's attention. Such "good faith" efforts apparently include his failure to claim a document at the post office, which was defendant's response to his letter. Such is not a good faith effort. Good faith efforts involve discussions - whether written or oral - and not merely accusations, and Plaintiff's statement that the Defendant "failed to respond in any way" is not true.

As for the substance of the motion, Plaintiff served 6 Interrogatories upon Defendant. Interrogatory #1 asks Defendant to identify all persons having knowledge of the facts and to briefly describe those facts. Defendant has supplemented its response to add additional persons, but there is no description in that supplement of the facts within their knowledge. In its response to the motion, Defendant states affirmatively that the knowledge Plaintiff states these people have is indeed the knowledge they do have, and Defendant states that

it is supplementing its response to that effect. The Court deems that to be an answer sufficient to meet the Plaintiff's objections. The motion is denied as moot as to #1.

Interrogatory #2 asks for identification of all persons who called the Plaintiff. In its answer, Defendant included its "automated messaging system." Plaintiff argues that this is not a person. The argument is irrelevant. Defendant should not be faulted for providing more information than Plaintiff requested. The motion to compel is denied as to #2.

Interrogatory #3 asks Defendant to identify its phone company. Defendant states that the information was provided in its supplement. The motion is therefore denied as moot as to #3.

Interrogatory #4 asks Defendant to identify its fact and expert witnesses. Defendant objects to the request on the basis that it is premature pursuant to the scheduling order that closes discovery on March 1, 2006. I agree that the request is premature; Defendant will of course supplement its response to this Interrogatory in a timely manner. At this time, the motion to compel is denied as to #4.

Interrogatory #5 asks for identification of all lawsuits or claims in which CACI was a named party. Defendant objects that the information sought is irrelevant to this dispute and is beyond the scope of discovery permitted by Fed.R.Civ.P.26(b)(1). I agree. This is not a class action lawsuit. The only material that might lead to discovery of admissible evidence is material that relates to the plaintiff's account or to this dispute or to any dealings Defendant has had with or about the Plaintiff. The motion to compel is denied as to #5.

Interrogatory #6 asks for a complete "factual and legal basis" for every answer in the Answer to the Complaint. Defendant objects on the basis that this requires application of law to facts, and is premature with respect to the facts as discovery is still proceeding. With respect to the legal basis, I know of no obligation for a party to explain its legal theories to the

opposing party. To that extent the motion is denied. The statement of a factual basis is premature, as discovery is still proceeding. The motion is denied at this time; Defendant will of course supplement its response in a timely fashion.

For the preceding reasons, the motion is allowed in part and denied in part.

### PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION #45

Defendant sent 9 document requests to defendant. The correspondence sent by Defendant to Plaintiff supplementing its response to those requests was, as above, not claimed by Plaintiff. This motion is therefore not supported by good cause and could be denied on that basis alone. However, in this one instance, the court will rule. No future motions to compel will be considered in the absence of documented good faith.

Request #1 seeks all documents relating to any charges, lawsuits or claims where defendant was a party. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The motion to compel is therefore denied as to #1.

Requests 2 and 5 through 8 seeks documents that have been provided; Defendant merely maintains its right to supplement its response during the period of discovery. As Plaintiff has not pointed out any specific deficiency in these responses other than the right to supplement, the motion is denied. Defendant will of course seasonably supplement its responses.

Request 9 seeks all documents relating to "employee training manuals, hiring procedures and Fair Debt Collections Practices Act." Defendant has produced some training manuals and has agreed to supplement if more become available. That is sufficient at this time so long as supplementation is timely.

With respect to hiring procedures, this request is not reasonably calculated to lead to discovery of admissible evidence. Any connection between hiring practices and this case is tenuous at best. The motion to compel these documents is denied.

To the extent that Plaintiff's request is asking for a copy of the statute, Defendant is correct that it is public record. To the extent, however, that the Defendant has unprivileged documents relating to its internal practices directly and explicitly related to the statute, those documents should be produced if they have not been produced already as part of training information. If there are additional documents that should be produced, they should be produced (or a privilege log produced) within 14 days of this order.

For the reasons stated herein, the motion to compel document production is allowed in part and denied in part.

## DEFENDANT'S MOTION TO QUASH #38

On November 8, Plaintiff served a subpoena upon Pekin Memorial Hospital. On November 9, Plaintiff served a subpoena upon U.S. Cellular. On November 10, Plaintiff served a subpoena upon Tazewell County Sheriff's Department. When I say that "Plaintiff served," I do not mean that he effected service; I mean that he personally served these subpoenas, as evidenced by the proofs of service filed with this motion.

The court has previously quashed the subpoena to the Hospital, because Fed.R.Civ.P. prohibits a party from personally effecting service. Defendant now asks the court to quash the other two on the same basis. Although the Plaintiff has filed a document entitled "Response to Defendants Motion to Quash" [sic], the substance of the document has nothing whatsoever to do with the substance of the motion, and if the other matters discussed relate somehow, Plaintiff has fallen far short of advising the court of that relationship. I therefore deem the motion to be unopposed.

The motion to quash is granted, both because it is legally correct and because it is unopposed. Defendant is directed to notify both entities of this Order.

### DEFENDANT'S MOTION TO STRIKE #40

Defendant asks this court to "strike" its previously served document request and allow it to substitute a corrected request. The motion apparently stems from some of Plaintiff's objections to "scrivener's errors" contained in the initial document request.

There is nothing to strike, as written discovery is not filed. If defendant intended to ask the court to compel Plaintiff to accept the corrected version, there does not appear to be any good faith effort to seek the Plaintiff's agreement on this matter. It does seem to be a reasonable request. The parties are directed to discuss this matter as soon as possible and attempt to come to some sort of resolution. If no agreement is reached, a new motion may be filed. At this point, the motion to strike is denied.

ENTER this 20th day of January 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE