

E-FILED
Wednesday, 08 March 2006 11:07:26 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MAR - 8 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF
-V-
CACI
DEFENDANT

CASE NO.05-1241

Plaintiff's Response to Motion to Compel

The Defendant has filed a motion to compel that is clearly smoke and mirrors. I will address the Defendants requests for an Order. The Defendant requests three actions in the said order,

1. On 1-20-06 the Magistrate Order and entered at 11:08 a.m., attached exhibit (A)," the parties are directed to discuss this matter as soon as possible and come to some sort of resolution". The defendant E-filed the amended document request without discussing the matters with the Plaintiff in less that 3 hours, see attached (C) of the Judges Order, In reality shoving it back down the Plaintiff's throat without discussing the matters, further I did not receive the Court's Order via U.S. Mail until approx. five days after the Judge entered the Order because of the weekend. The Defendant violated the Court's Order.
2. The Defendant did not confer with the Plaintiff on the discovery request, identified as criminal convictions. The rules are clear, before motioning the Court to compel the Plaintiff they must confer. Between the Defendants alleged date of discovering some Fulton County conviction, Feb. 24th and today March 7th, the Defendant did not disclose this information nor did the Defendant attempt or confer with the Plaintiff to get the information without Court intervention.
3. The parties agreed to, attached (D), file motions to compel within 30 days following the event and pursue timely and diligently all discovery. They requested my D.L. info on 12-1-05 Plaintiff provided objections on 1-1-06 making the deadline to compel 2-1-06 not only were they not timely and diligent in thier discovery thier motion to compel is outside the deadlines.

THEREFORE, the Defendant having been ruled on 12-20-05 to have not conferred on discovery matters by the Magistrate, they again failed to confer and have now violated the Court's Order. I request the Court find the Defendant has failed to confer on 12-20-05, today failed to confer and report and recommend to Judge McDade that the appropriate sanction be dismissing this case as a sanction in favor of the Plaintiff, the Seventh Circuit Court of Appeals has ruled that, though the Court did fire a warning shot on 12-20-05, there is no need for a warning shot across the bow and that the sanctions indicated are for failing to cooperate in discovery.

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

KENNETH W. SIMMONS
Pro Se

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                                                    case no. 05-1241

CACI
DEFENDANT

Certificate of service

The undersigned certifies that on 3-7-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's response, before 5.p.m. via U.S. Mail.

Kenneth W. Simmons               K.W. Simmons
12836 Appenzeller Rd.            Pro Se
Mackinaw, Ill. 61755
309-359-5820

1:05-cv-01241-JBM-JAG    #62    Page 3 of 8
1:05-cv-01241-JBM-JAG    #52    Page 1 of 5
E-FILED
Friday, 20 January, 2006 11:04:08 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Kenneth Simmons,
    Plaintiff

Case No. 05-1241

Consumer Adjustment Co, Inc.,
    Defendant

## ORDER

Now before the court are four motions: Plaintiff's motion to compel interrogatory answers (#44); Plaintiff's motion to compel document production (#45); Defendant's motion to strike (#40) and Defendant's motion to quash (#38). The motions are briefed (with one exception noted below) and the court makes the following rulings:

**PLAINTIFF'S MOTION TO COMPEL INTERROGATORY ANSWERS #44**

As a preliminary matter, Plaintiff sets forth what he describes as his "good faith" efforts to resolve the dispute before bringing this matter to the court's attention. Such "good faith" efforts apparently include his failure to claim a document at the post office, which was defendant's response to his letter. Such is not a good faith effort. Good faith efforts involve discussions - whether written or oral - and not merely accusations, and Plaintiff's statement that the Defendant "failed to respond in any way" is not true.

As for the substance of the motion, Plaintiff served 6 Interrogatories upon Defendant. Interrogatory #1 asks Defendant to identify all persons having knowledge of the facts and to briefly describe those facts. Defendant has supplemented its response to add additional persons, but there is no description in that supplement of the facts within their knowledge. In its response to the motion, Defendant states affirmatively that the knowledge Plaintiff states these people have is indeed the knowledge they do have, and Defendant states that



The motion to quash is granted, both because it is legally correct and because it is unopposed. Defendant is directed to notify both entities of this Order.

### DEFENDANT'S MOTION TO STRIKE #40

Defendant asks this court to "strike" its previously served document request and allow it to substitute a corrected request. The motion apparently stems from some of Plaintiff's objections to "scrivener's errors" contained in the initial document request.

There is nothing to strike, as written discovery is not filed. If defendant intended to ask the court to compel Plaintiff to accept the corrected version, there does not appear to be any good faith effort to seek the Plaintiff's agreement on this matter. It does seem to be a reasonable request. The parties are directed to discuss this matter as soon as possible and attempt to come to some sort of resolution. If no agreement is reached, a new motion may be filed. At this point, the motion to strike is denied.

ENTER this 20th day of January 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

5



E-FILED
Friday, 20 January, 2006 01:49:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS,                )
                                   )
         Plaintiff,                )
v.                                 )   Case No: 05-1241
                                   )
CONSUMER ADJUSTMENT COMPANY (CACI)  )
                                   )
         Defendant.                )

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on January 20, 2006, I electronically filed the foregoing Certificate of Service regarding the Defendant's First Amended Request to Produce Documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A
and I certify that I have emailed the Defendant's First Amended Request To Produce Documents to: Kenneth W. Simmons, simmons@route24.net; and that I have also sent said document via First Class, U.S. Mail to: Kenneth W. Simmons, 12836 Appenzeller Road, Mackinaw, Illinois 61755.

s/ Michael L. Hill
Michael L. Hill
Reg. # 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
michael.hill@skklawyer.com


(cc)

  b. Plaintiff to provide such experts for deposition to the Defendant, if the Defendant so desires, by January 1, 2006; and,

  c. Defendant to disclose expert witnesses by February 1, 2006.

  d. Defendant to provide such experts for deposition to the Plaintiff, if the Plaintiff so desire, by February 1, 2006.

6. Completion of Discovery. The date for completion of written discovery is April 1, 2006. The date for completion of expert discovery shall be 3/1/2006. Any written discovery served subsequent to the date of this Order is to be served by such a date that allows the served party the full 30 days provided by the Rules of Procedure in which to reply.

7. Any Motions to Compel or other Motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than 30 days following the event that is the subject of the Motion. The parties are required to meet and confer on any discovery dispute as required by Rule 37 (a) within said 30 day period.

8. Filing of Dispositive Motions. The parties agree to a deadline to file dispositive motions by June 1, 2006.

By: s/Michael L. Hill
  Michael L. Hill Bar #6284881
  Attorney for Defendant
  Schuering & Associates, Inc.
  3050 Montvale Dr., Ste B
  Springfield, IL 62704
  Telephone: (217)698-6060
  Fax: (217)698-6161
  E-mail:michael.hill@skklawyer.com

By: s/Kenneth W. Simmons
  Kenneth W. Simmons, Plaintiff,
  Pro Se
  12836 Appenzeller Road
  Mackinaw, Illinois 61755
  Simmons@route24.net

## SCHUERING & ASSOCIATES, P.C.
ATTORNEYS AT LAW
3050 MONTVALE DRIVE, SUITE B
P.O. Box 9622
SPRINGFIELD, ILLINOIS 62791-9622

DANIEL P. SCHUERING

MICHAEL L. HILL

DEBORAH L. DILLON
LEGAL ASSISTANT

February 8, 2006

TELEPHONE
(217) 698-6060

FACSIMILE
(217) 698-6161

www.skklawyer.com

Kenneth W. Simmons
12836 Appenzeller Road
Mackinaw, Illinois 61755

RE:   Simmons v. CACI
      U.S. District Court No. 05-1241
      Our File No. 2309-50905

Mr. Simmons:

This letter is written as an attempt to confer in order to resolve a discovery dispute in the above-referenced cause. Your reply to our Interrogatory No. 1, wherein you were required to provide your name, date of birth, social security number, driver's license number and name of State issuing same, was to say that this Interrogatory is "irrelevant and privileged".

The information requested in the Interrogatory is in compliance with the Federal Rules of Civil Procedure and is likely to result in the discovery of relevant information. Moreover, this information is routinely exchanged during discovery in all cases. This letter serves as a formal request for you to disclose the requested information to our office within seven (7) days of the receipt of this letter.

Further, this letter will serve as a reminder that you are required to supplement your responses to our Interrogatories as information becomes available to you. To that end, please disclose all information which you have received from U.S. Cellular and the Tazewell County Sheriff's Department, if any. As stated above, please disclose this information to our office within seven (7) days of receipt of this letter.

Thank you for your attention to this correspondence. If I may supply you with any additional information regarding any aspect of this matter, please feel free to contact me at your convenience.

Very truly yours,

SCHUERING & ASSOCIATES, P.C.

By: _Michael L. Hill_
Michael L. Hill

MLH/vh

Q:\Active Files\Consumer Adjustment Co. General\Simmons vs CAC\Letter to Simmons in re answer to interrogatory #1.wpd

**Main Identity**

**From:** "Simmons" <simmons@Route24.net>
**To:** "Deborah Dillon" <debd@skklawyer.com>
**Sent:** Wednesday, February 15, 2006 11:14 AM
**Subject:** letter dated 2-8-06

Mr. Hill,

In regards to the first paragraph of your letter, I responded to your interr. on 1-9-06, therefore per the AGREED DISCOVERY PLAN and the Courts Order, a motion to compel should have been filed within 30 days of 1-9-06. I will object to a motion to compel.
   I provided disclosure and you falied to file a motion to compel within 30 days of my initial disclosure. I will supplement my disclosure, per the rules, as information becomes available.
Read Receipt Checked


Ken Simmons