UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS,                     )
                                        )
                Plaintiff,              )
                                        )
v.                                      )    Case No: 05-1241
                                        )
CONSUMER ADJUSTMENT COMPANY (CACI),)
                                        )
                Defendant.              )

## SUPPLEMENTAL MOTION TO DISMISS
## WITH MEMORANDUM OF LAW

**NOW COMES** the Defendant, Consumer Adjustment Company, Inc. (CACI), by and through its attorneys, Schuering & Associates, P.C., and, for its Supplemental Motion To Dismiss the Complaint filed by the Plaintiff, Kenneth W. Simmons, in the above-captioned cause, states as follows:

1.   That the Defendant filed its first Motion To Dismiss on November 23, 2005.

2.   That information relevant to that Motion To Dismiss has since become known to the Defendant.

3.   That the Defendant has discovered that the Plaintiff is married to Lisa Simmons.

4.   That the Defendant has further discovered that Lisa Simmons is employed.

5.   That the Plaintiff states on his application to proceed without prepayment of fees and Affidavit that he has not received any money from any of the sources listed on the application, including the choice "any other sources". A photocopy of this

application and Affidavit is attached hereto as "Exhibit A" and is incorporated herein by this reference.

6.    That Lisa Simmons is employed at the IGA store in Mackinaw, Illinois, as disclosed on the police report filed by the Plaintiff and Mrs. Simmons with the Tazewell County Sheriff's Department on March 2, 2006.  A copy of this police report is attached hereto as "Exhibit B" and is incorporated herein by this reference.

7.  That Mrs. Simmons' income from her employment is required to be included in the Affidavit as "any other source" of income, as that income is a marital asset of the Plaintiff.

8.  That the Plaintiff has committed perjury by filing a false Affidavit in that the Plaintiff stated under oath that he did not receive income from any other source when, in fact, the Plaintiff had income in the form of his wife's employment income.

9.  That the Plaintiff has filed a Motion For Leave to pay the fees associated with this case on or about March 13, 2006.  A copy of this Motion is attached hereto as "Exhibit C" and is incorporated herein by this reference.

10.  That "Exhibit C" was filed after the Defendant filed for, and was granted, Leave To Supplement the Motion To Dismiss referenced in Paragraph 1 of this Motion.

11.  That "Exhibit C" was filed in a vain attempt to undo the perjury committed by the Plaintiff and based on an expected settlement in 05-CV-1219 which was not received.  A copy of the Plaintiff's Motion To Withdraw is attached hereto as "Exhibit D" and is incorporated herein by this reference.

12.   That the above-captioned cause should be dismissed as mandated by 28 USC 1915 (e) (2) (A).

13.   That such dismissal should be with prejudice as the Plaintiff has perjured himself on financial Affidavits in <u>Simmons v. Tarby, et. al.</u>, 05-1214, <u>Simmons v. Rockford Merchantile Agency</u>, 05-1219 and <u>Simmons v. Guardsmark</u>, 03-1041, by failing to disclose the marital asset of his wife's income on his Affidavit to Proceed In Forma Pauperis in each of these cases.

14.   That such perjorous conduct evinces an attempt to commit a fraud upon this Court.

15.   That the Defendant has incurred $13,414.57 in reasonable attorneys fees as a result of defending in this cause.

16.   That, in every instance where pauper status has been denied to the Plaintiff, the case has been closed within three month's time.  <i>See</i> <u>Simmons v. Village of Mackinaw, et. al.</u>, 04-1194; <u>Simmons et. al. v. Stockstill, et. al.</u>, 04-1242; <u>Simmons v. Village of Mackinaw, Illinois, et. al.</u>, 05-1192; and <u>Simmons v. Tarby, et. al.</u>, 05-1214.

17.   That, a pattern of failure to prosecute established by the events described in Paragraph 16 when pauper status is denied to the Plaintiff indicates that the instant cause would also not have been prosecuted by the Plaintiff if pauper status were denied herein.

18.   That, given the pattern of behavior evinced in Paragraph 16, had the Plaintiff been truthful in completing the Affidavit in the above-captioned cause, pauper status would have been denied and

the Defendant would not have incurred these reasonable attorneys fees.

19. That the Plaintiff has established a pattern of frivolous filings in this Court.

**WHEREFORE**, the Defendant, Consumer Adjustment Company, Inc. (CACI) moves this Court for an Order dismissing the above-captioned cause with prejudice and directing the Plaintiff to pay the reasonable attorneys fees incurred by the Defendant in the defense of this suit and for such further relief as this Court deems just under the circumstances.

Respectfully Submitted,
SCHUERING & ASSOCIATES, P.C.
By:   s/Michael L. Hill
Bar No. 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
Michael.hill@skklawyer.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS,                    )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )    Case No: 05-1241
                                       )
CONSUMER ADJUSTMENT COMPANY (CACI),)
                                       )
            Defendant.                 )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I.   INTRODUCTION

A Motion To Dismiss filed on November 23, 2005, and supplemented by Leave of Court on March 15, 2006, has, at the crux of the argument, the proposition that the Plaintiff, Kenneth W. Simmons, filed a false financial affidavit in that the Plaintiff knowingly failed to disclose his wife's income. This failure was done with the intent of the Plaintiff to avail himself of pauper status to insure that the Plaintiff would have no expenses in maintaining the instant suit against the Defendant, Consumer Adjustment Company, Inc. (CACI).

The points of law to be addressed in this Memorandum are:

1.   That, under Illinois law, the income of Lisa Simmons is marital property and, thus, should have been disclosed on the Plaintiff's affidavit;

2.   That the Court must dismiss the instant case as a financial affidavit filed by the Plaintiff was false; and,

3.   That the instant Complaint should be dismissed with prejudice against the Plaintiff in favor of the Defendant.

## II.  INCOME OF SPOUSE AS MARITAL PROPERTY

As stated in <u>Erie Railroad vs. Tompkins</u>, 304 U.S. 64, "except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the State." <u>Erie</u> at 77. Matters regarding marital property are not governed by the Federal Constitution nor by acts of Congress, therefore, <u>Erie</u> applies.  The laws of the State of Illinois with regard to marital property state that all property acquired during a marriage is marital property. 750 ILCS 5/503.  There are exceptions to this rule in the Statute, but the income earned by a spouse from an employer is not within those exceptions. Therefore, as marital property, the income from the Plaintiff's wife was subject to be reported on the Plaintiff's financial affidavit as "other source" income.

## III. DISMISSAL OF CASE WHEN AFFIDAVIT IS UNTRUTHFUL

The Plaintiff herein made an allegation of poverty when he filled out the Application to Proceed in Forma Pauperis in the instant case.  The Plaintiff's allegations were untrue in that the Plaintiff listed no income of any sort on the Application when the Plaintiff was a recipient of his wife's income which, as previously discussed, is marital property.  Further, after the filing and granting of the Defendant's Motion For Leave To Supplement, the Plaintiff filed a Motion For Leave to Pay Fees.  This Motion by the Plaintiff was clearly made in an attempt to hide from the Court the

fact that the Plaintiff had committed perjury on his application. "Notwithstanding any filing fee, or any portion thereof that may have been paid, the Court shall dismiss the case at any time if the Court determines that (A) that allegation of poverty is untrue." 28 USC Sec. 1915 (e) (2) (A). Also, since 28 USC Sec. 1915 (e) (2) (A) states that the Court shall dismiss the case, "dismissal is mandatory when the financial affidavit is false." Thomas vs. General Motors Acceptance Corp., 288 F. 3d 305, 306 (Seventh Circuit, 2002). As the Plaintiff has filed an affidavit which is false, the Court must dismiss the instant case.

## IV.  DISMISSAL WITH PREJUDICE

The Plaintiff has perjured himself in filing an Application that clearly states that the Plaintiff is not the recipient of any income when, in fact, he is the recipient of the marital asset of his wife's income. The Plaintiff has committed the same perjury in Simmons vs. Tarby, et al., 05-CV-1214, Simmons vs. Rockford Merchantile Agency, 05-CV-1219, and Simmons vs. Guardsmark, 03-CV-1041 by failing to disclose the marital asset of his wife's income on the affidavit in each of these cases.    Such blatant and continuing perjury evinces an attempt to commit a continuing fraud upon this Court.  Such fraud and perjury warrant a dismissal with prejudice against the Plaintiff in the instant case. "It is within the District Court's discretion as to whether to dismiss the case with or without prejudice." Thomas at 307 - 308; Mathis vs. New York Life Insurance Company, 133 F. 3d 546, 547 - 48 (Seventh Circuit, 1996).

Thomas dealt with a Plaintiff who failed to disclose a settlement he had received after obtaining pauper status. The Court in Thomas stated that dismissal with prejudice was an appropriate sanction to end the attempts of Thomas to defraud the government by way of his failure to disclose.

In Mathis, the Plaintiff failed to list a home in which he had equity in his application. The Court ruled that, despite Mathis' explanation for the omission, Mathis acted with knowledge in his declaration of false information. The Court found that dismissal with prejudice was an appropriate sanction for such illicit behavior.

The Plaintiff in the instant case clearly and deliberately failed to disclose his wife's income in an attempt to gain pauper status. The Plaintiff in Thomas knew that he would be receiving the settlement prior to filing his affidavit for pauper status. The Plaintiff in the instant case was well aware that his wife went to work every day and was paid for that work when the Plaintiff completed his Application to Proceed in Forma Pauperis in the instant case. Similar to the Plaintiff in Mathis, the Plaintiff herein failed to disclose an asset which he was currently receiving and which he would continue to receive. The Plaintiff in the instant case clearly and deliberately failed to disclose his wife's income in an attempt to gain pauper status. When confronted by a discovery request to disclose his wife's income, the Plaintiff and his wife filed a police report against Defendant's counsel, alleging identity theft. Further, the attempt by the Plaintiff to remove himself from pauper status by filing his Motion For Leave to

Pay is clearly an attempt to remove the issue of the Plaintiff's perjury in this case from the Court's attention.

These attempts to beguile the Court demand that dismissal with prejudice against the Plaintiff is the appropriate remedy in this cause.

## V.    CONCLUSION

In conclusion, the Defendant states that the Plaintiff lied on his Application To Proceed in Forma Pauperis by indicating that he was the recipient of no income whatsoever when, in fact, he was clearly an intended recipient of his wife's income from her employment. Further, the Defendant states that the Plaintiff has demonstrated a willingness to continue, and a history of continuing, to perjure himself and commit fraud upon the Court by the filing of false financial affidavits. Therefore, the Defendant respectfully requests this Court to dismiss the instant case with prejudice, require the Plaintiff to pay the Defendant's reasonable costs and attorneys fees incurred in the defense of this suit, and for such further relief as the Court deems just under the circumstances.

Respectfully Submitted,
SCHUERING & ASSOCIATES, P.C.
By:   s/Michael L. Hill
Bar No. 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
Michael.hill@skklawyer.com

AO 240  (Rev. 9/96)

E-FILED
Tuesday, 23 August, 2005 02:01:44 PM
Clerk, U.S. District Court, ILCD

# United States District Court

### DISTRICT OF ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Kenneth Simmons
          Plaintiff

v.

CACI
          Defendant

EXHIBIT

_A_

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

**FILED**

CASE NUMBER: 05-1241

AUG 2 3 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

I, _____Kenneth Simmons_____ declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?          ☐ Yes          ☒ No          (If "No" go to Part 2)

   If "Yes" state the place of your incarceration _____

   Are you employed at the institution? _____   Do you receive any payment from the institution? _____

   Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?          ☐ Yes          ☒ No

   a.  If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b.  if the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.
       200 1      U P S      E. PE ORIA          9. 75-HR

3. In the past 12 twelve months have your received any money from any of the following sources?

   a.  Business, profession or other self-employment          ☐ Yes          ☒ No
   b.  Rent payments, interest or dividends          ☐ Yes          ☒ No
   c.  Pensions, annuities or life insurance payments          ☐ Yes          ☒ No
   d.  Disability or workers compensation payments          ☐ Yes          ☒ No
   e.  Gifts or inheritances          ☐ Yes          ☒ No
   f.  Any other sources          ☐ Yes          ☒ No

   If the answer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive.

AO 240 (Rev. 9/96)

4.  Do you have **any** cash or checking or savings accounts?  ☒ Yes    ☐ No

If "Yes" state the total amount.  *APPROX $ 84.00*

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?   ☒ Yes    ☐ No

If "Yes" describe the property and state its value.  *1990  GMC  JIMMY  APPROX 350.00*

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

I declare under penalty of perjury that the above information is true and correct.

_____8-22-05_____    _____K. u. S._____
DATE                           SIGNATURE OF APPLICANT

**NOTICE TO PRISONER:** A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts. expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

## CERTIFICATE

(Incarcerated applicants only)
(To be completed by the institution of incarceration)

I certify that the applicant named herein has the sum of $ _____ on account to his/her

credit at (name of institution) _____. I further certify

that the applicant has the following securities to his/her credit: _____

_____. I further certify that during the past six months the applicant's

average balance was $ _____.

_____    _____
DATE                           SIGNATURE OF AUTHORIZED OFFICER

MAR-15-2006  08:12   FROM-TAZ CO SHERIFF          +3094785612        T-984   P.004/010   F-335

## Tazewell County Incident Report - 200600388

Date: 03/06/2006 09:37                                                      Page: 1    of 3

| | |
|---|---|
| Report #:  200600388 | Tazewell County Sheriff's Office |
| Report Date:03/03/2006     12:25 | Start Date:  03/02/2006 |
| | End Date: |

200600388

Case Status: 200600388 09 - Administratively closed

Summary:  06-1881

Report Type:   Other Offenses

### Incident Location

Address:    12836  APPENZELLER RD

Intersection:                                                          Distance:

MACKINAW, IL  61755

### Incident Offenses

#1    Original Report      5000    ALL OTHER CRIMINAL OFFENSES

Remarks:

### Officers Involved

Reporting DEPUTY SHERIFF DENNIS SCHERTZ - TCSO - 6224 - Original Report

Approving SERGEANT TRACY DICKSON - TCSO - 6223 - Original Report

### Incident People

**Victim**       **LISA  R SIMMONS**

Sex  F    Race: W   DOB:02/16/1963    Age: 43        Original Report               100027111

Address:   12836  APPENZELLAR RD      06/18/2004

MACKINAW, IL  61755

Home Phone:   (309) 359-5820        03/03/2006

Employment: IGA GROCERY STORE,  MACKINAW,                                    06/18/2004

**EXHIBIT**

B

## Ta2    ell County Incident Report - 2. 600388

Date: 03/06/2006 09:37

Page: 2   of 3

| | |
|---|---|
| **Other** | **KENNETH W SIMMONS** |

Sex M    Race: W    DOB:09/07/1963    Age: 42    SSN: ███████    Original Report    100026092

Address:    12836 APPENZELLER RD    05/25/2004
            MACKINAW, IL  61755

Home Phone:    (309) 359-5820    01/31/2006

Hgt: 600, Wgt: 200, Medium, Brown Eyes, Brown Hair, Short Hair, Mustache&Beard, Medium Skin    12/20/2004

Distinguishing Features:    Tattoo Chest "HA"
                            Tattoo Shoulder, left "HARLEY"
                            Tattoo Shoulder, right HEART
                            Tattoo Forearm, right "KEN"

### Incident Businesses

**SOCIETY**

Address:    240000127

05/29/2003    Original Report    **Victim**

### Associated LEA Cases

| LEA Case Number: | LEA Case Summary: |
|---|---|
| 200600388 | TCSO, Review Status: Review, Case Status: Administratively closed 03/03/2006 |
| **Assigned To:**  No Officer Assigned | |

MAR-15-2006  08:12    FROM-TAZ CO SHERIFF                    +3094785612              T-984  P.006/010  F-395

## Taz  ell County Incident Report - 2.  500388

Date: 03/06/2006 09:37

Page: 3    of  3

### Incident Narrative 1 03/03/2006    12:30

### Reporting DEPUTY SHERIFF DENNIS SCHERTZ - TCSO, ID # 6224

R/O (Schertz) was dispatched to the Simmons residence on a report of alleged identity theft.  According to Lisa and Kenneth Simmons, Lisa's social security number was unlawfully obtained in reference to  Federal Court case # 05-1241 filed in Peoria Federal Court.

Attached to this report is a statement by Lisa and Kenneth Simmons; and a copy of a Federal Court document dated 03-01-2006  filed by Attorney Michael L. Hill with Lisa Simmons' social security number on it.

R/O advised them a report would be on file.



**EXHIBIT**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-                                                CASE NO.05-1241
CACI
DEFENDANT

Motion for Leave

The Plaintiff requests the Court allow the Plaintiff to pay the filing fees and marshalls service related to this case within ten days of the Court's ruling. I recently received a minimal amount of income that enables me to pay the fees. The Defendant will not be prejudice by the Plaintiff being allowed to pay the fees.

Kenneth W. Simmons                          KENNETH W. SIMMONS
12836 Appenzeller Rd.                        Pro Se
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                                    case no. 05-1241

CACI
DEFENDANT

Certificate of service

 The undersigned certifies that on 3-13-06 the Plaintiff served upon the attorney of record a copy
of the Plaintiff's motion for leave,  before 5.p.m. via U.S. Mail.

Kenneth W. Simmons                        K.W. Simmons
12836 Appenzeller Rd.                      Pro Se
Mackinaw, Ill. 61755
309-359-5820



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-
CACI
DEFENDANT

CASE NO.05-1241

### Motion to Withdraw

Plaintiff, having put the horse before the cart, requests to withdraw his motion to pay fees. The Plaintiff believing that a settlement would occur in case no. 05-1219, but now will not occur, wanted to pay the fees of the cases that Plaintiff has been allowed to proceed in forma pauperis. The Plaintiff has not recieved the income that he believed he would and does not intend to settle the case mentioned.

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

KENNETH W. SIMMONS
Pro Se

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                                    case no. 05-1241

CACI
DEFENDANT

Certificate of service

 The undersigned certifies that on 3-16-06 the Plaintiff served upon the attorney of record a copy
of the Plaintiff's motion to dismiss,  before 5.p.m. via U.S. Mail.


Kenneth W. Simmons                          K.W. Simmons
12836 Appenzeller Rd.                          Pro Se
Mackinaw, Ill. 61755
309-359-5820

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS,                    )
                                       )
              Plaintiff,               )
v.                                     )    Case No: 05-1241
                                       )
CONSUMER ADJUSTMENT COMPANY (CACI),)
                                       )
              Defendant.               )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on March 16, 2006, I electronically filed the foregoing Defendant's Supplemental Motion to Dismiss With Memorandum of Law with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A

and I certify that I have emailed the Defendant's Supplemental Motion To Dismiss With Memorandum of Law to: Kenneth W. Simmons, simmons@route24.net;

s/ Michael L. Hill
Michael L. Hill
Reg. # 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
michael.hill@skklawyer.com