UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MAR 23 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF
-V-
CACI
DEFENDANT

CASE NO.05-1241

Plaintiff's response to motion to sequester

Plaintiff having informed the Defendant per my response to motion to dismiss, that I received $1,000 as settlement in case no. 05-1219 and having requested to pay approx. $975.00 to the Court to satisfied an outstanding debt, claim that the attorney merely filed the motion to run up the cost of litigation. The Defendant on 3-17-06 offered to forego all costs if I would settle, attached, to me that is an admission that I have the goods so to say on them, I have them running scared, the fact is still the same, they did as I claim, I can prove it, they will not be able to recover any attorney fees, court costs etc., but I will be able to.

HERE are the facts, the application to proceed never asked if I was married, my wifes income or my debts. I can tell by discovery they have all there apples in that basket.

THEREFORE, the Court should dismiss this case, admonish the defendant for frivolous motions and Order me to pay the filing fees.

K.W. Simmons
Pro Se

Kenneth W. Simmons
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                           case no. 05-1241

CACI
DEFENDANT

Certificate of service

The undersigned certifies that on 3-22-06 the Plaintiff served upon the attorney of record a copy the attached, before 5.p.m. via U.S. Mail.

Kenneth W. Simmons                            K.W. Simmons
                                              Pro Se
Mackinaw, Ill. 61755
309-359-5820

## SCHUERING & ASSOCIATES, P.C.
ATTORNEYS AT LAW
3050 MONTVALE DRIVE, SUITE B
P.O. Box 9622
SPRINGFIELD, ILLINOIS 62791-9622

DANIEL P. SCHUERING

MICHAEL L. HILL

DEBORAH L. DILLON
LEGAL ASSISTANT

TELEPHONE
(217) 698-6060

FACSIMILE
(217) 698-6161

www.skklawyer.com

March 17, 2006

Kenneth W. Simmons

Mackinaw, Illinois 61755

RE:    Simmons v. CACI
       U.S. District Court No. 05-1241
       Our File No. 2309-50905

Dear Mr. Simmons:

    Since my most recent email to you, I have continued to monitor the exchange of documents between yourself and Mr. Hill. I have also continued to consult with him on the progress of this case. I have noted the recent orders of the Court pertaining to your pauper status and the additional material that has been exchanged between you and Mr. Hill.

    As a result of all of the foregoing, it is clear that your initial Affidavit filed in this case was, at best, incorrect and, at worse, false. It is also clear from my review of the Federal Rules of Civil Procedure and the applicable case law that your conduct is likely sanctionable by the Court. Mr. Hill's Motion correctly asks for monetary sanctions in the form of attorneys fees payable to our client which, in this case, are substantial because of your continuing outrageous, obstructionist conduct. Your attempted baseless manipulation of the Federal Rules of Civil Procedure, incorrect interpretation of the Orders of the Court and other antics have unnecessarily prolonged this litigation in a futile attempt to extort a settlement from our client. And, to compound matters, all of this is based on a false premise: your status as a pauper.

    Clearly, it is not possible for you to remedy the injury caused to our client's reputation, however, it is possible for you to end this meritless litigation right now. Attached to this letter is a Stipulation For Dismissal With Prejudice of the litigation, with each party to bear its own costs. If you return the Stipulation to this office executed by you before 5:00 p.m., Monday, March 20, 2006, we will execute it, file it with the Court, and promptly obtain an Order of Dismissal consistent with the Stipulation. If not, and the Court grants the current Motion To Dismiss or any subsequent Motion To Dismiss, we will use every remedy available under Federal law to seek full reimbursement of all costs expended by