1:05-cv-01241-JBM-JAG    # 74    Page 1 of 13

E-FILED
Thursday, 23 March, 2006 11:32:25 AM
Clerk, U.S. District Court, ILCD

FILED
MAR 23 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-
CACI
DEFENDANT

CASE NO.05-1241

Plaintiff's Response to "Motion To Dismiss"

Plaintiff claims the following are a true and accurate answers to the #19 claims in Defendants' motion :

1. On or about November Plaintiff believes the Defendant did file a motion to dismiss. Plaintiff responded accordingly.
2. Plaintiff has no idea when the information regarding Lisa Simmons was discover by the Defendant. Lisa Simmons' information or documents relevant to her have never been disclosed to the Plaintiff therefore Plaintiff objects to every reference to Lisa Simmons, Lisa R. Simmons etc.. in Defendant's motion.
3. The Plaintiff again objects to Lisa Simmons, nonetheless I have been married to Lisa Simmons for 19years.
4. The Plaintiff objects to Lisa Simmons , nonetheless Lisa is employed at IGA.
5. The Plaintiff did file the application to proceed without prepayment having been supplied the application by the Clerk of this Court.
6. Plaintiff objects to references to Lisa Simmons, Defendants failure to disclose, nonetheless Lisa does work at IGA. Further, Lisa Simmons did in fact under ILCS file the complaint attached, the complaint is consistent with ILCS and clearly indicates that the Defendant at the least used Lisa Simmons S.S.N. to attempt to retrieve her documents without her permission or knowledge. See attached exhibit(A) and (B) , (C) and (D).
7. Plaintiff objects to reference to Lisa Simmons, disclosure, nonetheless By an act of Congress U.S. Goverment Agencies including the FMS is prohibited from aquiring the income from another spouse unless in a community property state. Early 2005 we received the first on the letter attached as exhibit(E), I misplaced or lost it. Upon Judge Mihm questioning my claim before I could not find exhibit (E). Therefore in Sept. I requested a copy from IRS, they claimed to have not gotten said request, so at the end of Oct. I again requested the letter and received it in Nov., I received the letter late Nov. I believe. The Goverment can not use Lisa's monies to offset my debt.
8. Again I object to Lisa references nonetheless, I have not committed perjury nor filed a false application for the following reasons; Plaintiff claimed to have $84.00 in savings when in fact Plaintiff had $66.63, exhibit(F) and on the application to proceed it does not ask if the Plaintiff was married, spouses income, debts and monthly income and was an official document supplied by this Court. Lisa's income was her income by definition.
9.On or about 3-13-06 Defendants exhibit was filed.
10. Without looking,both motions mentioned were filed with the Court.
11. Defendant's Exhibit (C) was infact, filed in anticipation of a settlement reached with Rockford case no. 05-1219 on 3-8-06 and signed by myself on 3-10-06 Exhibit(G), and to be paid within 3 days therefore I would received my monies on 3-13-06, hence the motion to pay, but when the check was received on 3-15-06 it was unsigned and the Plaintiff believed a settlement would not occur see Exhibit(H), but Ms. Mindrup the attorney for Rockford was persistant and very civil and we settled on 3-20-06. Again, I request to pay the cases'. Defendants' exhibit (D) was filed do to the reasons mentioned.
12. Since the application does not contain one false answer the case should not be dismissed, the

application supplied by the Clerk of this Court did not ask was I married, spouses income or debts.

13. Plaintiff has not perjured himself in the cases filed that the Defendant mentioned but since the Defendant does not provide documentation to support the filings, by memory I was provided an application by the Clerk of the Court and answered all questions truthfully and accurate. The application did not ask if I was married, spouse income or debts.

14. Plaintiff has in no way perjuried himself, this is a self serving claim made by the attorney for personal reasons and gain.

15. Plaintiff has no knowledge of costs or attorney fees but objects without disclosure or documentation provided by the Defendant.

16 I object to these claims, no documents were produced to substantiate these claims, nonetheless most were dismissed for failing to state a claim etc..

17. I object to this statement not one instance has been documented or produced other than the self serving claim, **but it is clear as indicated by the Defendants own statement the lack of monies by the Plaintiff has hampered the Plaintiff 's ability to pursue his claims.** And due to not having the filing fees as indicated by the defense I would not have had the money or income to proceed.

18. Again, a self serving claim.

19. I object to this claim ,the Defendant has not provided documentation of any Court admonishing the Plaintiff's claims as frivolous this is again a self serving claim.

As far as the memorandum of law, this was riddled with the Defendants' interpretation of the law and bending and molding the facts to fit thier self serving purpose, and the case law of comparing a asset such as a house to another persons working income is a stretch of the imagination and the settlement theory is even farther from the truth in this case that the Plaintiff received $1,000 from a settlement and before receiving the monies motioned the Court to pay fees related to 3 cases that totaled approx. $975.00 was HARDLY not disclosed upon receipt. Further, I request the Court in determining my non disclosure of being married consider that In 2003 Judge Cudmore met Lisa Simmons during a settlement conference in Springfield further in Lisa Simmons v Adams and Casey's Judge Gorman was aware that Ken and Lisa Simmons were married, makes reference to such to Judge McDade and both Judges mentioned Ken and Lisa's marriage by name, exhibit (I).

Plaintiff therefore requests the Court dismiss the Defendants motion and let the Plaintiff pay the Court filing fees now.

Kenneth W. Simmons
_____ :d.
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

K.W. Simmons
Pro Se

KENNETH W SIMMONS
_____ R RD.
MACKINAW, ILL. 61755
SIMMONS@ROUTE24.NET
309-359-5820

---

March 3, 2006

To whom it may concern,

I did not DISCLOSE the S.S.N. of Lisa Simmons to nor was I order by Judge McDade or Magistrate Gorman to provide to Michael Hill,Lisa Simmons S.S.N..

*KWS* (signature)

A

LISA R. SIMMONS
_____RD.
MACKINAW, ILL. 61755
SIMMONS@ROUTE24.NET
309-359-5820

March 3, 2006

To whom it may concern,

I did not provide Michael Hill with my S.S. number, I did not authorize the use of my S.S. N..

*Lisa R Simmons*

**Full Hit Highlighting For Your Selection**

Your matches for document: /legislation/ilcs/documents/072000050k16g-30.htm

You can navigate between the hits using the "<<" and ">>" tags around a hit. Clicking "<<" takes you to the previous hit, clicking ">>" takes you to the next hit.

Click to go to the first hit in the document.

(720 ILCS 5/16G-30)
Sec. 16G-30. Mandating law enforcement agencies to accept and provide reports; judicial factual determination.
    (a) A person who has learned or reasonably suspects that his or her personal identifying information has been unlawfully used by another may initiate a law enforcement investigation by contacting the local law enforcement agency that has jurisdiction over his or her actual residence, which shall take a police report of the matter, provide the complainant with a copy of that report, and begin an investigation of the facts or, if the suspected crime was committed in a different jurisdiction, refer the matter to the law enforcement agency where the suspected crime was committed for an investigation of the facts.
    (b) A person who reasonably believes that he or she is the victim of financial << identity theft>> may petition a court, or the court, on its own motion or upon application of the prosecuting attorney, may move for an expedited judicial determination of his or her factual innocence, where the perpetrator of the financial << identity theft>> was arrested for, cited for, or convicted of a crime under the victim's << identity>> , or where a criminal complaint has been filed against the perpetrator in the victim's name, or where the victim's << identity>> has been mistakenly associated with a criminal conviction. Any judicial determination of factual innocence made pursuant to this subsection (b) may be heard and determined upon declarations, affidavits, police reports, or other material, relevant, and reliable information submitted by the parties or ordered to be part of the record by the court. If the court determines that the petition or motion is meritorious and that there is no reasonable cause to believe that the victim committed the offense for which the perpetrator of the << identity theft>> was arrested, cited, convicted, or subject to a criminal complaint in the victim's name, or that the victim's << identity>> has been mistakenly associated with a record of criminal conviction, the court shall find the victim factually innocent of that offense. If the victim is found factually innocent, the court shall issue an order certifying this determination.
    (c) After a court has issued a determination of factual innocence under this Section, the court may order the name and associated personal identifying information contained in the court records, files, and indexes accessible by the public sealed, deleted, or labeled to show that the data is impersonated and does not reflect the defendant's << identity>> .
    (d) A court that has issued a determination of factual innocence under this Section may at any time vacate that determination if the petition, or any information submitted in support of the petition, is found to contain any material misrepresentation or fraud.
(Source: P.A. 93-195, eff. 1-1-04.)



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS,            )
                               )
v.                             )    Case No: 05-1241
                               )
CONSUMER ADJUSTMENT COMPANY (CACI) )

**DEFENDANT'S SECOND SUPPLEMENTAL
REQUEST TO PRODUCE DOCUMENTS**

**NOW COMES** the Defendant, Consumer Adjustment Company, Incorporated (CACI), by and through its attorneys, Schuering & Associates, P.C., and pursuant to Rule 34 of the Federal Rules of Civil Procedure, request that the Plaintiff, Kenneth W. Simmons, furnish the following documents for photocopying, reproduction, or inspection at the office of counsel for the Defendant within thirty (30) days after the service of this request:

1. Please provide income tax returns for the last three years for Lisa Simmons, social security number _____ if those tax returns are separate from tax returns previously requested on January 20, 2006.

2. Please provide any and all pay stubs for compensation from employment or any source received by Lisa Simmons for the twelve-month period prior to August 22, 2005.

3. Please provide copies of any and all bank statements from checking, savings or any other account listed under either the name Lisa Simmons or Kenneth Simmons, or any combination of names thereof, for a twelve-month period immediately preceding August 22,

Stop 6800 R-1 (AM OP 1, Dept. 5)              In reply refer to:
KANSAS CITY   MO   64999-0025                 Nov. 07, 2005  LTR 3179C  EO
                                                                      08851
                                                              BODC: WI


KENNETH W & LISA R SIMMONS
                         RD
MACKINAW  IL  61755-9422360


Taxpayer Identification Number:
                         Form: 1040
            Tax Period(s): Dec. 31, 2004


Dear Taxpayer:

Thank you for your inquiry dated Sep. 09, 2005.

Our records show $170.48 of your tax overpayment of
$809.00 was offset on May 20, 2005 by the Treasury Department's
Financial Management Service (FMS) to pay a past-due nontax government
agency debt(s) owed by

If only one spouse is responsible for the agency debt, the spouse
who isn't responsible for the debt - the "injured spouse" - may be
entitled to his or her share of the joint refund if he or she has
reported income, withholding, estimated tax payments, or refundable
credits on the joint return.

If you lived in a community property state during the tax year, the
injured spouse may be entitled to his or her share of the joint
refund even if he or she didn't have any income, withholding,
estimated tax payments, or refundable credits.  The community
property states are:  Arizona, California, Idaho, Louisiana, Nevada,
New Mexico, Texas, Washington and Wisconsin.

The injured spouse must complete Form 8379, "Injured Spouse Claim
and Allocation" to get his or her share of the refund.  Instructions
on the form explain how to divide income, deductions, credits, and
tax payments between you and your spouse.  We will figure the injured
spouse's portion of the joint overpayment and issue any refund due.
This refund will be subject to offset by the FMS for any debt owed
by the injured spouse.  In community property states, we must divide
the joint overpayment according to state law.

If you have questions about the injured spouse claim or need help in
completing the form, please call your local IRS office at the
telephone number listed in your local directory.

Social Security Number of the person owing the debt :





**FIRST SECURITY BANK**
*A Full Service Bank Since 1882*
P.O. Box 290 • Mackinaw, IL. • 309-359-3961

FDIC

ACCOUNT: ▮▮▮  09/19/2005

KENNETH W SIMMONS
LISA R SIMMONS

MACKINAW IL 61755

41
2
3

===============================================================
REGULAR CHECKING ACCOUNT ▮▮▮
===============================================================

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| ▮▮▮ | ▮▮▮ | ▮▮▮ | ▮▮▮ | ▮▮▮ |
| ▮▮▮ | ▮▮▮ | ▮▮▮ | 08/22/05 | 66.63 |
| BALANCE THIS STATEMENT | | | 09/19/05 | 20.40 |

F

## CONFIDENTIAL SETTLEMENT AGREEMENT

ROCKFORD MERCANTILE AGENCY, INC. ("RMA"), by its attorney, NANCY H. MINDRUP, in consideration of mutual promises herein made, does hereby release and forever discharge KENNETH W. SIMMONS ("Simmons") from any and all actions, causes of action, damages or demands of whatever nature in any manner arising from sums alleged to be due for medical services provided to Simmons by Camelot Radiology Associates ("Camelot") on or about July 6, 2001, and from any and all matters connected with the alleged non-payment of such services.

KENNETH W. SIMMONS does hereby release and forever discharge RMA, their current and former employees (specifically including, but not limited to, CARMEN ANDERS), and their attorney, Nancy H. Mindrup, from any and all actions, causes of action, damages or demands of whatever nature in any manner arising from the attempted collection of the alleged non-payment of medical services referred to above, and from any alleged violation of the Fair Debt Collection Practices Act associated with the attempted collection of such medical services.

Additionally, Simmons and RMA agree that:

1. 
2. 
3. 
4. 

6

5. RMA will pay the sum of One Thousand Dollars ($1000.00) within three (3) days after the receipt by Attorney Mindrup of this Confidential Settlement Agreement signed by Simmons.

6. ███████████████████████████████████████████████
███████████████████████████████

7. ███████████████████████████████████████████████

8. ███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████

9. ███████████████████████████████████████████████
████████

10. ███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████

11. ███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████

Date: March 8, 2006.　　　　Date: March 10, 2006.

_____　　_____
NANCY H. MINDRUP, On her own behalf　　KENNETH W. SIMMONS
and as attorney for ROCKFORD
MERCANTILE AGENCY, INC.,

Prepared by:
ATTORNEY NANCY H. MINDRUP
One Court Place, Suite 101
Rockford, IL 61101

6

**Main Identity**

**From:**    "NHMINDRUP" <NHMINDRUP@insightbb.com>
**To:**      "Simmons" <simmons@Route24.net>
**Sent:**    Wednesday, March 15, 2006 5:32 PM
**Subject:** Re:

Dear Mr. Simmons:

I am stunned! The check wasn't signed???? I am furious (not at you!), and I am sure you are, too. I had no idea.

I have already tried phoning Rockford Mercantile, but unfortunately the people who can deal with this are already gone for the day. Please let me speak to them tomorrow to see what happened.

Believe me, this was NOT my plan!

Sincerely,

Nancy H. Mindrup

> ----- Original Message -----
> **From:** Simmons
> **To:** NHMINDRUP
> **Sent:** Wednesday, March 15, 2006 5:17 PM
> **Subject:** Re:
>
> Ms. Mindrup,
>
>    The check is unsigned, therefore, since the agreement is void now, there is no reason to address the validity of our agreement. You were required to pay me within three days of my signed agreement which was on Friday when I emailed it to you. We have no agreement, I have voided the check and sent it to you.
>
> Ken Simmons
>
>> ----- Original Message -----
>> **From:** NHMINDRUP
>> **To:** Simmons
>> **Sent:** Wednesday, March 15, 2006 5:11 PM
>> **Subject:** Re:
>>
>> Dear Mr. Simmons:
>>
>> I received your voice mail message just now, and also this email. Quite frankly, I am puzzled. You indicated in your phone message that the check was "incorrect and incomplete." Since I did not personally view the check before it was sent I have no idea to what you may be referring. Please do me the courtesy of letting me know how the check was "incorrect and incomplete," and in what other way (if any) we have not abided by the terms of our settlement.
>>
>> Your prompt response is appreciated.
>>
>> Sincerely,
>>
>> Nancy H. Mindrup
>>
>>> ----- Original Message -----
>>> **From:** Simmons
>>> **To:** nhmindrup

H

3/17/2006

Moreover, she repeatedly filed discovery motions. In a superficial and transparent effort to make it seem that those motions were in compliance with Rules requiring parties to make good faith efforts to resolve differences before coming to the Court, she recited - without any factual support - that she had made such efforts. Defense counsel's responses to these motions, with attachments, clearly demonstrate that plaintiff's efforts at resolving disputes fell far short of the good faith standard. Her efforts, if any at all, were minimal at best. Defense counsel, on the other hand, has made herculean efforts to resolve disputes, despite the obstacles placed in the way by plaintiff. Plaintiff's apparent ignorance of the meaning of "good faith" does not excuse her flagrant misrepresentations.

Defense counsel has been trying to schedule the deposition of plaintiff's husband, Kenneth Simmons, who was disclosed by plaintiff as a person with knowledge about her claim. Because no process server can or will enter the Simmons' property, a subpoena could not be served and his deposition could not be scheduled. At the last hearing, I directed the plaintiff to get dates from her husband when he would be available for deposition. Thereafter, she stated that he would not provide any dates until he received a subpoena with witness fee attached. But a subpoena cannot be issued without a date. His deposition remains untaken.

Fed.R.Civ.P. 37(b)(2)(C) provides that a party who fails to obey an order to provide or permit discovery or fails to obey a Rule 26(f) order, may be sanctioned up to and including dismissal of the action. The decision to impose such a sanction is within the court's discretion; the discretion is only abused if the order is entered without a showing of wilfulness, bad faith or fault. <u>Downs v. Westphal</u>, 78 F.3d 1252, 1256 (7th Cir. 1996). In that case, the Seventh Circuit affirmed the District Court's finding of bad faith, based on

9



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                                             case no. 05-1241

CACI
DEFENDANT

Certificate of service

The undersigned certifies that on 3-22-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's response to "Motion to motion to dismiss", before 5.p.m. via U.S. Mail.

Kenneth W. Simmons                                K.W. Simmons
_____ er Rd.                                  Pro Se
Mackinaw, Ill. 61755
309-359-5820