

E-FILED
Thursday, 30 March, 2006 11:18:23 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MAR 30 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF
-V-
CACI
DEFENDANT

CASE NO. 05-1241

### Plaintiff's objections to hearing

Plaintiff objects to the hearing on the following facts. The first is the costs, this will increase the costs to litigate this case when the facts are clear.

### Undisputed facts

1. On August of 2005 Court did NOT ask, if the Plaintiff was married.
2. On March 15 2006 Court did ask if Plaintiff was married and gave the Plaintiff until 3-29-06 to respond.
3. On 3-23-06 Plaintiff responded that he was married, well ahead of the Ordered deadline of 3-29-06.
4. On August 22, 2005 Court did NOT ask, spouse's income.
5. On March 15, 2006 Court did ask for spouse's income and gave a deadline of 3-29-06 to respond.
6. On March 23, 2006, Plaintiff responded with spouse's income, well ahead of the Court Ordered deadline of 3-29-06.
7. On 8-22-05, Court did NOT ask Plaintiff for his and spouse's debts.
8. On 3-15-06 Court did ask for the Plaintiff and spouse's debts and imposed a deadline of 3-29-06 to respond.
9. On 3-23-06 Plaintiff provided the Court with the Plaintiff and spouse's income, well ahead of the Court imposed deadline.

### Argument

For the facts setforth above the Plaintiff objects to the dismissal of my case, it would appear that under the theory the Defendant has presented the Court, that since the Plaintiff did not indicate on 8-22-05 that he had debts that the affidavit is false as well. Well that just isn't the law either. Under Federal tax law title 26, attached, the only time my wife's income is mine is under alimony or a maintnance order. This just is not the case. At the worst, due to the Court's shortsightedness, the application is incomplete. The Judge mentioned other case's that are unrelated to this case, in those case's though the Court found the application to be incomplete and allowed the Plaintiff ten days to pay the costs. Plaintiff intends to subpoena States Attorney Kevin Lyons to testify to the criminal implications if I were to ineffect take my wife's paycheck, without her permission or agreement, to pay the court costs. Further as indicated the FMS is by law prohibited from taking a spouses income to pay outstanding debt owed the U.S. Goverment in non-community property states. Illinois is NOT a community property state. The Defendant will not be prejudice by allowing the Plaintiff to pay the costs of this case, quite contrary as the Defendant indicated in the letter attached to Plaintiff's response to sequester monies, the Defendant is willing to forego over $13,000 in costs and fees because their reputation has been tarnished. It would be in the name of justice to allow the Plaintiff to pay the costs of this case and allow the Court to determine the Defendants guilty or innocence at trial.

Kenneth W. Simmons

K.W. Simmons
Pro Se

Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

1:05-cv-01241-JBM-JAG    # 81    Page 2 of 4

Next | Previous | Contents | Sections | Search | Help

# Sec. 61. Gross income defined

TITLE 26, *Subtitle A, CHAPTER 1, Subchapter B, PART I,* **Sec. 61.**

## STATUTE

(a) General definition
Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:
  (1) Compensation for services, including fees, commissions, fringe benefits, and similar items;
  (2) Gross income derived from business;
  (3) Gains derived from dealings in property;
  (4) Interest;
  (5) Rents;
  (6) Royalties;
  (7) Dividends;
  (8) Alimony and separate maintenance payments;
  (9) Annuities;
  (10) Income from life insurance and endowment contracts;
  (11) Pensions;
  (12) Income from discharge of indebtedness;
  (13) Distributive share of partnership gross income;
  (14) Income in respect of a decedent; and
  (15) Income from an interest in an estate or trust.
(b) Cross references
For items specifically included in gross income, see part II (sec. 71 and following). For items specifically excluded from gross income, see part III (sec. 101 and following).

## SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 208A, 305, 351, 354, 355, 356, 408, 671, 707, 6103 of this title.

SOURCE
AMENDMENTS
EFFECTIVE DATE OF 1984 AMENDMENT
TERMINATION DATE OF 1978 AMENDMENT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                                    case no. 05-1241

CACI
DEFENDANT

Certificate of service

The undersigned certifies that on 3-29-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's OBJECTTIONS TO HEARING, before 5.p.m. via U.S. Mail.

Kenneth W. Simmons                          K.W. Simmons
                                            Pro Se

Mackinaw, Ill. 61755
309-359-5820