UNITED STATES COURT OF APPEALS
for the Seventh Circuit

APR - 6 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF
-V-
CACI
DEFENDANT

CASE NO. 05-1241

Motion to Proceed and objection to affidavit

   Plaintiff requests to be allowed to proceed without pre payment of the fees. I have only received income of $1,000 in the last 12 months and do not anticipate receiving an income unless unexpected in the next 12 months.

   I object to the disclosure of my spouses income, it is unlawful for the Financial Management Services to use my spouses income for my debts. Under Title 26 my spouses income is not mine, unless as alimony or maitnance order, and therefore not subject to the Courts consideration or use in paying my debts. See attached exhibit (A) letter from the U.S. Dept. of Treasury and Exhibit (B) title 26 law. Illinois is not a community property state.

Kenneth W. Simmons
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

K.W. Simmons
Pro Se

United States Court of Appeals
For the Seventh Circuit

KENNETH W. SIMMONS
PLAINTIFF

-V-                                              case no. 05-1241

CACI
DEFENDANT

## Certificate of service

The undersigned certifies that on 4-5-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's motion to proceed, before 5.p.m. via U.S. Mail.

Kenneth W. Simmons                K.W. Simmons
_____ ₂d.             Pro Se
Mackinaw, Ill. 61755
309-359-5820

**IRS** Department of the Treasury
Internal Revenue Service

Stop 6800 R-1 (AM OP 1, Dept. 5)
KANSAS CITY  MO  64999-0025

11-7-05

In reply refer to:      3
Nov. 07, 2005 LTR 3179C  E0
                         0 000
                              08851
                         BODC: WI

KENNETH W & LISA R SIMMONS
            R RD
MACKINAW  IL  61755-9422360

Taxpayer Identification Number:
                         Form:  1040
              Tax Period(s):  Dec. 31, 2004

Dear Taxpayer:

Thank you for your inquiry dated Sep. 09, 2005.

Our records show $170.48 of your tax overpayment of
$809.00 was offset on May 20, 2005 by the Treasury Department's
Financial Management Service (FMS) to pay a past-due nontax government
agency debt(s) owed by            '53.

If only one spouse is responsible for the agency debt, the spouse
who isn't responsible for the debt - the "injured spouse" - may be
entitled to his or her share of the joint refund if he or she has
reported income, withholding, estimated tax payments, or refundable
credits on the joint return.

If you lived in a community property state during the tax year, the
injured spouse may be entitled to his or her share of the joint
refund even if he or she didn't have any income, withholding,
estimated tax payments, or refundable credits.  The community
property states are:  Arizona, California, Idaho, Louisiana, Nevada,
New Mexico, Texas, Washington and Wisconsin.

The injured spouse must complete Form 8379, "Injured Spouse Claim
and Allocation" to get his or her share of the refund.  Instructions
on the form explain how to divide income, deductions, credits, and
tax payments between you and your spouse.  We will figure the injured
spouse's portion of the joint overpayment and issue any refund due.
This refund will be subject to offset by the FMS for any debt owed
by the injured spouse.  In community property states, we must divide
the joint overpayment according to state law.

If you have questions about the injured spouse claim or need help in
completing the form, please call your local IRS office at the
telephone number listed in your local directory.

Social Security Number of the person owing the debt :



Next | Previous | Contents | Sections | Search | Help

# Sec. 61. Gross income defined

*TITLE 26, Subtitle A, CHAPTER 1, Subchapter B, PART I, Sec. 61.*

## STATUTE

(a) General definition
Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

  (1) Compensation for services, including fees, commissions, fringe benefits, and similar items;

  (2) Gross income derived from business;

  (3) Gains derived from dealings in property;

  (4) Interest;

  (5) Rents;

  (6) Royalties;

  (7) Dividends;

  (8) Alimony and separate maintenance payments;

  (9) Annuities;

  (10) Income from life insurance and endowment contracts;

  (11) Pensions;

  (12) Income from discharge of indebtedness;

  (13) Distributive share of partnership gross income;

  (14) Income in respect of a decedent; and

  (15) Income from an interest in an estate or trust.

(b) Cross references
For items specifically included in gross income, see part II (sec. 71 and following). For items specifically excluded from gross income, see part III (sec. 101 and following).

## SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 208A, 305, 351, 354, 355, 356, 408, 671, 707, 6103 of this title.

SOURCE
AMENDMENTS
EFFECTIVE DATE OF 1984 AMENDMENT
TERMINATION DATE OF 1978 AMENDMENT

(B)