E-FILED
Wednesday, 24 May, 2006 03:49:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kenneth W. Simmons,<br>   Plaintiff | ) ) ) ) ) ) ) ) ) | Case No. 05-1241 |
| CACI<br>   Defendant | | |

| | | |
|---|---|---|
| Kenneth W. Simmons,<br>   Plaintiff | ) ) ) ) ) ) ) ) ) | Case No. 06-1033 |
| Andrea Higgins, Jamie Clifton, and<br>Christine Kay,<br>   Defendants | | |

**ORDER**

Now before the court is the defendants' motion to consolidate this case with an earlier filed case, Simmons v. CACI, Case No. 05-1241. Plaintiff has filed his opposition to that motion. For the following reasons, the motion is granted.

Fed.R.Civ.P. 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court," the court may consolidate the actions for convenience and economy in judicial administration. See, U.S. v. Knauer, 149 F.2d 519 (7th Cir. 1945). The decision whether to consolidate is committed to the broad discretion of the trial court. Id. Consent of the parties is not required. Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada, 210 F.3d 771, 774 (7th Cir 2000).

Identity of the parties is not required for consolidation where there are substantial questions of law and/or fact that are common to both cases. The court is to balance

factors of convenience and economy with the potential for confusion or prejudice. As the Seventh Circuit has noted, "Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." Ikerd v. Lapworth, 435 F.2d 197, 204 (7th Cir. 1970).

In the first-filed case, Plaintiff sued CACI for violations of 15 U.S.C. 1692C, D and G. These identical provisions form the basis for the complaint in the second-filed case. Moreover, the Defendants in the second filed case were employees of CACI at the relevant time, and they are alleged to have been the employees who acted on behalf of CACI in the manner complained by Plaintiff in the first case. All questions of law and nearly all questions of fact are identical.

There are two factors that might weigh against consolidation. The first factor is that jury trial was waived in the first case and is demanded in the second. That lack of commonality can be remedied in several ways. The latter case could be submitted to a jury while the former case could be decided by the court. A jury trial could be ordered in both cases. Either way, that is not enough to show any cognizable prejudice at this time.

The second factor is that the first case is further along in discovery than the second; in fact, the discovery deadline passed as of May 1, 2006. But that fact does not automatically preclude consolidation. See, Mills v. Beech Aircraft Corp., 886 F.2d 758 (5th Cir. 1989); Henderson v. Nat'l R.R. Passenger Corp, 118 F.R.D. 440 (N.D.Ill., 1987). The first filed case is less than one year old, so any delay in the trial presents little if any prejudice to Plaintiff. Orders can be entered to resolve any discovery issues other than delay, and the cases are set for a telephone conference in order to discuss such issues.

Plaintiff also thinks that consolidation would be improper in this case because the defendants in the newly filed case, who were all employees of CACI at the pertinent time, cannot be represented by the same counsel as represents CACI.  He cites no authority for that proposition, and the court knows of none.  Moreover, I fail to see how that factors into the equation for consolidation.  If the individual defendants do not object to his representation, then it is of no concern in this matter.

I find no prejudice that outweighs the court's and the parties' interests in convenience and economy.  Accordingly, the motion to consolidate [18] is granted.  This case is set for a telephone conference on Thursday, June 8, 2006 at 11:00 a.m. (the court will set up the call) to discuss scheduling matters.  The parties are to confer prior to that hearing and make a good faith effort to come up with a discovery plan that encompasses both cases.

ENTER this 24th day of May, 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE