E-FILED
Thursday, 08 June, 2006  10:28:58 AM
Clerk, U.S. District Court, ILCD

FILED
JUN - 8 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-
Higgins, et al.

case no. 06-1039

CACI

case no. 05-1241

### Rule 72 Appeal

The Plaintiff appeals the Magistrates Order entered on 5-24-06, document 100, granting Defendants Motion to Compel. Plaintiff claims the Magistrate abused his discretion.

### Argument

The Court's Order is confusing on the first issue, highlighted as issue one on attached exhibit (A). In fact as indicated in Defendants motion to compel(Doc.60) and highlighted (EXHIBIT B), the facts outlined by Plaintiff in (Doc.62) are reiterated on appeal, in that on 12-20-05 Defendant filed a motion to strike (Doc. 40). On 1-20-06 Magistrate at 11:05 a.m. Magistrate Ordered the parties confer on the issue of an AMENDED REQUEST (Doc 52) see last paragraph, but instead of conferring PRIOR to reserving the amended request, the Defendant served it again within hours. CLEARLY the Defendant should have conferred PRIOR to serving the document not confer upon the Plaintiff not producing the requested information. Plaintiff was under no Court Order to accept the amended request and objects again. Plaintiff answered the first request to produce with objections and nowhere in the rules does it allow amended requests to produce.

The second issue on appeal here is highlighted on exhibit (A) as issue #2. To begin per (Doc) 15 the parties agreed to file motion to compel within 30 days of the event subject of the motion. Again I reiterate my objects made to Magistrate.

There is no disputing these facts, that on 12-1-05 Defendant served interr. on Plaintiff, Plaintiff responded on 1-1-06 therefore Defendant had until 2-1-06 to compel the Plaintiff to answer. Further as indicate in past objection, Defendant failed to confer on the felony matter indicated in thier motion to compel, that is a fact. It was forgery, Defendant asked for fraud, credit card fraud etc.., NOT ANY FELONIES, and further this information is irrelevant in that, People of State of Illinois v Simmons case no. 04-740, Judge Albert Purham ruled that the State of Illinois was not allowed under Illinois law to enter the conviction the Defendant speaks of during sentencing of Plaintiff due to the statues for considering my history in sentencing. Plus, until the Defendant brought this irrelevant criminal history into the case, I had erased most everything about the incident from my memory, I do not even remember the case no. etc. from approx.23 years ago. 23 YEARS AGO, how is that relevant under a F.D.C.P.A. not to mention the fact that this same Court denied my request to compel the Defendants disclosure and production of documents related to a RICO act claim made against the Defendant ALOT MORE RECENT THAN 23 YEAR AGO.

### RELIEF REQUESTED

Plaintiff requests the Court deny the Defendants motion to compel for the reasons setforth above, request for D.L. info irrelevant and motion to compel not filed timely, Defendant did not confer prior to reserving First Amended Document on Plaintiff to get Plaintiff's agreement as Ordered by Magistrate, Defendant did not confer on the felony convictions prior to motioning the Court to compel as required by the rules of procedures and further that any felony convictions in which Plaintiff was convicted more at least 22 years ago or longer are irrelevant to this case.

*[signature]*

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

K.W. Simmons
Pro Se

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| Kenneth Simmons, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| | ) | Case No. 05-1241 |
| | ) | |
| CACI, | ) | |
| Defendant | ) | |

### ORDER

Plaintiff has now paid his filing fee. The following motions remain pending: defendant's motion to sequester the proceeds of a settlement received by Plaintiff in another case (Doc. #71) and defendant's motion to compel (Doc. #60).

The motion to sequester is denied. Defendant cited no authority for the court to take such action. Additionally, the proceeds are largely dissipated by the filing fees Plaintiff has been ordered to pay in the cases pending in this District.

The motion to compel sets forth the lengthy delays occasioned by Plaintiff in responding to written discovery. In his response, Plaintiff cites to an earlier order entered by this court - that order dealt with matters separate from those raised in the instant motion.

[handwritten: ISSUE #1]

Plaintiff also asserts that Defendant failed to confer with him as required; the motion asserts several written and electronic communications from Defendant to Plaintiff before the motion was filed. Such communications suffice, especially when the Plaintiff is pro se. Such written communications protect the record for the Defendant and constitute "conferring" within the meaning of the Rule. Plaintiff's refusal to respond does not change that fact.

[handwritten: ISSUE #2]

[handwritten: (A)]

16. That the pattern of non-compliance demonstrated by the Plaintiff will continue to hinder the Defendant's ability to properly defend in the above-captioned cause unless the Court intervenes.

**WHEREFORE**, the Defendant prays for an Order of this Court compelling the Plaintiff to:

1. Produce all of the documents requested by the Defendant in the First Amended Request To Produce Documents filed on January 20, 2006; and,

2. Submit details of all criminal convictions involving dishonesty or fraud, including, but not restricted to, Fulton County case 83-CF-60. Such details are to include the date of arrest, reasons for arrest, the arresting agency, the disposition of the conviction and reports or documents regarding each conviction; and,

3. Disclose the Plaintiff's name, date of birth, social security number, driver's license number and the name of the State issuing same in accordance with Interrogatories propounded on November 9, 2005.

and for such further relief as the Court deems just under the circumstances of this case.

Respectfully Submitted,
By: s/Michael L. Hill
Bar No. 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
michael.hill@skklawyer.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                                  case no. 06-1033
Higgins, et al
Defendant's

CACI                                                 case no. 05-1241

Certificate of service

The undersigned certifies that on 6-7-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's attached motion, before 5.p.m. via U.S. Mail.

Kenneth W. Simmons                          K.W. Simmons
12836 Appenzeller Rd.                        Pro Se
Mackinaw, Ill. 61755
309-359-5820