E-FILED
Thursday, 15 June, 2006  12:26:17 PM
Clerk, U.S. District Court, ILCD

FILED
JUN 15 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-
Higgins, et al.                                   case no. 06-1033 &

CACI                                              case no. 05-1241

Plaintiff's response to Defendant
"motion for a definite statement"

    Defendant in this instant motion failed to confer or even ATTEMPT to confer with the Plaintiff via U.S. Mail before filing this motion, Plaintiff will request santions upon filing motion for sanctions, therefore this motion the Defendant filed should be dismiss. CLEARLY Plaintiff indicated in the email attached to Defendant's motion that I would retrieve, review and answer all mail but due to schooling and legal cases pending Plaintiff was unable to address the settlement issue.
    Defendant CLAIMS, though Plaintiff is suspect, to not appearantly having read the complaint until June 13, 2006, even though the Defendants signed for the complaint and waiver on 4-25-06 and 4-22-06 and provided the waiver and complaint to their former employer CACI on or about 4-25-06, CACI then faxed it to the attorney of record. We know for a fact then that the attorney of record has had the complaint since 4-25-06 and had read enough of the case that in previous filings, motion to consolidate, the attorney even contends the fact are the same in both cases. I will not make that same assumtion until discovery is complete.
    Recently in case no. 05-4686 Simpson v Nickel, attached for your review, the Seventh Circuit upheld past rulings that support Plaintiff's claim that the complaint is complete and providing facts at this point is not needed. Plaintiff could reasonably left the complaint as this, Defendant within the LAST YEAR violated the F.D.C.P.A., this would have been an acceptable pleading since it clearly indicates the Defendant violated the act and thier actions were within the ONE year statue of limitations. That is a plausible and accepted pleading.
    Plaintiff has attached case no. 05-4686 and adopts it as memorandum of law to support dismissal. See Swierkiewicz v Sorema N.A.,534 U.S. 506(2002), Doe v Smith 426 F.3d 706, 708 (7th Cir. 2005), Kolupa v Roselle Park District 438 F 3d 713, 715 (7th Cir. 2006), Makor Issues & Rights, Ltd v Tellabs,Inc., 437 F.3d 727 (7th Cir. 2006), Hishon v King & Spalding 467 U.S. 69,73 (1984). I can go on but I believe I have enough. And for the record and in regards to the email attached by Defendant, I have filed a 23 count claim in Peoria today and it appears I will settle or file my other claim under the F.D.C.P.A. next week since we are trying to settle and statues are not near expiring.

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

                                                         K.W. Simmons
                                                         Pro Se

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Jamie C___   ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Jamie C    C. Date of Delivery: 4/25/0

D. Is delivery address different from item 1?  ☐ Yes  ☐ No
If YES, enter delivery address below:

1. Article Addressed to:

JAMIE CLIFTON
405 S LIBRARY
WATERLOO, IL
62298

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7005 1820 0002 3525 9638

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ANDREA HIGGINS
7207 VALLEY DR.
BARNHART, MO.
63012

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
4/22/06

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7005 1820 0002 3525 9627

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CHRISTINE KARY
1528 E. MARRIOT
BARNHART, MO -
63012

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Christina Kary
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
4/25/06

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7005 1820 0002 3525 9614

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-4686

WILLIE SIMPSON,

*Plaintiff-Appellant,*

v.

JANEL NICKEL, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 05-C-232-C—**Barbara B. Crabb**, *Chief Judge.*

SUBMITTED MAY 25, 2006—DECIDED JUNE 12, 2006

Before EASTERBROOK, WOOD, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Willie Simpson contends that, after he wrote a letter (and filed a suit) complaining about abuse by the staff of the prison where he is confined, the targets of his accusations retaliated by issuing bogus conduct reports and arranging for him to be disciplined: Simpson spent 300 days in segregation and lost 25 days' recreation privileges. Penalizing a prisoner's exercise of the constitutional right to petition for redress of grievances is a constitutional tort. See *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Black v. Lane*, 22 F.3d 1395, 1402-03 (7th Cir. 1994). Yet the district court dismissed Simpson's complaint for failure to state a claim on which relief may be granted. See Fed. R. Civ. P. 12(b)(6). 2005

2                                                             No. 05-4686

U.S. Dist. LEXIS 26182 (W.D. Wis. Oct. 31, 2005), reconsideration denied, 2005 U.S. Dist. LEXIS 29405 (Nov. 23, 2005).

    The judge wrote that the complaint was deficient because Simpson had failed to set out all "elements" of a retaliation claim—foremost among them that his original allegations against the staff had been truthful, for there is no constitutional right to lie. See *McDonald v. Smith*, 472 U.S. 479, 484-85 (1985). According to the district court, a prisoner must not only allege but also "establish" or "demonstrate" in the complaint that the original speech was truthful. Simpson could not do this, the judge wrote, because the prison's disciplinary board had found the speech to be false, and Simpson is bound by that finding unless a state court sets it aside. See *Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). Because Wisconsin's judiciary offers only the opportunity to seek certiorari in prison disciplinary matters, however, Simpson has no means to obtain the plenary review that the district judge thought essential to his claim. See *State ex rel. L'Minggio v. Gamble*, 2003 WI 82, 263 Wis. 2d 55, 667 N.W.2d 1; *State ex rel. Curtis v. Litscher*, 2002 WI App. 172, 256 Wis. 2d 787, 650 N.W.2d 43; see also Wis. Stat. §§ 801.02(7)(b), 893.735(2).

    This treatment went wrong at the first step: the belief that complaints must lay out facts corresponding to every "element" of a legal theory. That is a code-pleading approach, which the Federal Rules of Civil Procedure reject. One pleads "claims" (which is to say, grievances) rather than legal theories and factual specifics. See, e.g., *McDonald v. Household International, Inc.*, 425 F.3d 424, 427-28 (7th Cir. 2005); *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1077-78 (7th Cir. 1992). The Supreme Court drove the point home in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), holding that plaintiffs need not allege either the factual or legal "elements" of a prima facie case under the employment-discrimination laws. That conclusion

No. 05-4686 3

is equally applicable to every other federal claim. It is why "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain. . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). It is also why "[a]ny decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)." *Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir. 2006). The truth of a prisoner's prior statements is not among the matters that must be pleaded with particularity, and a complaint therefore may not be dismissed for omission of this allegation. Simpson's grievance was set out clearly enough to put the defendants on notice; no more is required.

What is more, an obligation to allege some matter in a complaint does not entail an obligation to "establish" that issue at the pleading stage; support of one's allegations comes later, in response to a motion for summary judgment or at trial. Not even the Securities Litigation Reform Act, the statute that has moved the farthest from notice pleading for a particular subject matter (securities class actions), requires proof as opposed to plausible allegations. See, e.g., *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 437 F.3d 588 (7th Cir. 2006); *Asher v. Baxter International Inc.*, 377 F.3d 727 (7th Cir. 2004). Simpson's claim rests on 42 U.S.C. §1983, and there are no heightened pleading requirements for suits under that statute. See *Crawford-El v. Britton*, 523 U.S. 574 (1998); *Leatherman v. Tarrant County*, 507 U.S. 163 (1993). Facts need not be "established" or even alleged (fact-pleading is unnecessary); a plaintiff receives the benefit of any fact that could be established later consistent with the complaint's allegations. See, e.g., *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Defendants contend that the disciplinary board's finding is conclusive against Simpson, and if that is so then there is no point in a remand. Issue preclusion (collateral estoppel) is an affirmative defense, see Fed. R. Civ. P. 8(c), and the consideration of matter outside the complaint (such as the disciplinary board's finding) requires the district court to treat the defendant's motion as one for summary judgment. If nothing that Simpson could show would stave off that summary judgment, however, then dismissing the complaint instead of waiting for a Rule 56 motion was harmless error.

Whether a given decision has preclusive effect depends on state law. See 28 U.S.C. §1738. We must accord the board's disposition the same effect as a court of Wisconsin would. Wisconsin's judiciary does not treat the factual conclusions of prison disciplinary boards (or any other state agency) as beyond the power of a court to examine. When a state judge may review findings of fact in an agency's decision, then a federal judge may do so too. See *Astoria Federal Savings & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). By attaching the disciplinary board's decision to his complaint, Simpson assuredly did not vouch for its correctness. See *Carroll v. Yates*, 362 F.3d 984 (7th Cir. 2004). He cannot prevail without proving that he is right and the board wrong, see *Hasan v. Department of Labor*, 400 F.3d 1001 (7th Cir. 2005), but the obligation to supply proof comes after the pleading stage. (The district judge relied on *Hasan* without noting that it arose under Rule 56 rather than Rule 12(b)(6), and that Hasan had failed to provide evidence to back up the complaint's allegations.)

As defendants see things, *Heck* and *Edwards* create a federal rule of issue preclusion that operates even when state law allows review of prison disciplinary decisions. That is not, however, what the Supreme Court said, and it would not be consistent with §1738. See *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373

No. 05-4686                                     5

(1985). The Court held in *Heck* and *Edwards* that a prisoner whose grievance implies the invalidity of ongoing custody must seek review by collateral attack (28 U.S.C. §§ 2241, 2254, or 2255, or a state-law equivalent). Only after the custody is over may the prisoner use §1983 to seek damages against persons who may have been responsible; indeed, the §1983 claim does not accrue until the custody ends. This is not because federal courts are bound by decisions of state administrative agencies, but because as a matter of federal law any challenge to the fact or duration of custody must proceed under §2254 or an equivalent statute. See *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In such a collateral challenge the state agency's (or state court's) decision may be reexamined; that alone is enough to show that *Heck* and *Edwards* do not establish free-standing rules of issue or claim preclusion.

Because *Heck* and *Edwards* concern the allocation between collateral review and damages actions as a matter of federal law, they have no application when collateral review is unavailable—either because the plaintiff's custody has expired or because he was never "in custody" as a result of the defendants' contested actions. See *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). Neither disciplinary segregation nor a reduction in the amount of recreation is a form of "custody" under federal law; *Heck* and *Edwards* thus are beside the point.

The district court did not mention *Muhammad* and misunderstood *DeWalt*, reading it as if the holding depended on the fact that DeWalt may have been able to prevail even if the prison disciplinary board's decision were deemed correct—while the board's finding that Simpson is a liar prevents him from establishing an indispensable ingredient of his constitutional claim. What *Muhammad* and *DeWalt* hold is unrelated to the details of any plaintiff's theory. They establish that the doctrine of *Heck* and

6                                                    No. 05-4686

*Edwards* is limited to prisoners who are "in custody" as a result of the defendants' challenged acts, and who therefore are able to seek collateral review. Take away the *possibility* of collateral review and §1983 becomes available. Simpson can't obtain collateral relief in either state or federal court, so he isn't (and never was) affected by *Heck* or *Edwards*.

Simpson contends that his letter and original suit contained truthful accusations, for which he has been penalized. Defendants contend (and the prison disciplinary board found) that Simpson's accusations were false and malicious. If Simpson is correct, then the defendants have violated his constitutional rights by penalizing protected speech. If defendants are correct, then they have not violated Simpson's rights—and this suit is itself frivolous, for if Simpson was lying in the past, then he well knows that he has no right to recover now, and his attempt to obtain damages from people who recognized the lie for what it was must be characterized as an abuse of process. The district judge did not relish the prospect of resolving such a clash, but decision is essential. Otherwise prison disciplinary boards could immunize guards who violate prisoners' rights, and the act of penalizing speech would be self-vindicating.

The district judge strongly suspected that Simpson's current contentions are false. This is not a good ground for dismissing a complaint, see *Johnson v. Stovall*, 233 F.3d 486 (7th Cir. 2000), but if Simpson loses he faces sanctions. There is no way that the current suit can be plausibly incorrect: if Simpson loses, it can only be because he was lying then and is lying now. Frivolous suits may cost prisoners the privilege of litigating in forma pauperis, see 28 U.S.C. §1915(g), and financial sanctions may be imposed. If these sanctions are not paid, we have the option of curtailing further litigation through an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Simpson should reflect on these possibilities before deciding to continue this litigation.

VACATED AND REMANDED

No. 05-4686                                                                 7

A true Copy:

    Teste:

                                  *Clerk of the United States Court of*
                                      *Appeals for the Seventh Circuit*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                          case no. 06-1033
Higgins,et al
Defendant's

CACI                                        case no. 05-1241

Certificate of service

The undersigned certifies that on 6-15-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's attached motion/response, before 5.p.m. via U.S. Mail and email

                                                    K.W. Simmons

Kenneth W. Simmons                          Pro Se
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820