E-FILED
Thursday, 22 June, 2006  09:52:09 AM
Clerk, U.S. District Court, ILCD



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JUN 2 2 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF
-V-                                                case no. 06-1033 &
Higgins, et al.

CACI                                               case no. 05-1241

          Rule 72 Appeal

  Plaintiff appeals to Judge McDade, the scheduling Order entered by Judge Gorman, Duly noted by Judge Gorman on the Order that Plaintiff objected to schedule.

          Argument

  Plaintiff objects on the grounds that due to Plaintiff's appeal to consolidate, Judge Gorman had no jurisdiction over the cases until a ruling by Judge McDade. As in the instant case at bar, Plaintiff made an appeal to the Court of Appeals Seventh Circuit in case no. 05-1241 at which time Judge McDade lost jurisdiction due to the appeal, in this instance Judge Gorman, I believe, had no jurisdiction until such time as Judge McDade ruled on past appeals.
  Secondly, Plaintiff objects that the Judge did not allow disclosure in case no. 06-1033. If the Defendants in case no. 06-1033 files an adoption of CACI's disclosure, so be it, but every party has a right to disclosure and failure to disclose has sanctions etc.. The rules REQUIRE disclosure. These are the same Defendants that had the gall to file a false document with the Court in case no. 06-1033 in which the Defendant's informed this Court that they did not work for the Debt Collector CACI, but instead worked for the Creditor, Pekin Memorial Hospital. A BLANT LIE. See motion to dismiss eventually withdrawn after I informed the attorney of record that the motion was rampant with lies.
Thirdly and finally I object that discovery is not consistent with the deadlines allowed in case no. 05-1241. I want longer discovery.

  Judge McDade, here's my point on these matters. Discovery was over in case no. 05-1241 and both parties were prepared for trial, instead of consolidating the cases, Judge Gorman should have, in the name of justice, allowed Plaintiff to amend case no. 05-1241, all the Court did "in the name of justice" and for it's own sake was consolidate whereas the Judge should have refunded my monies paid and allowed Plaintiff to amend the complaint. Instead the take my money, take away disclosures, and a reasonable amount of time for discovery. NOTICE TO ALL OF AN APPEAL TO COURT OF APPEALS if a less that favorable ruling.

                                                                                              K.W. Simmons
                                                                                              Pro Se

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                             case no. 06-1033
Higgins, et al
Defendant's

CACI                                            case no. 05-1241

Certificate of service

The undersigned certifies that on 6-21-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's attached motion, before 5.p.m. via U.S. Mail and email.

                                                K.W. Simmons
                                                Pro Se

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820