E-FILED
Monday, 10 July, 2006  11:44:08 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| KENNETH W. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-1241 |
| v. | ) | |
| | ) | |
| CACI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| KENNETH W. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-1033 |
| | ) | |
| ANDREA HIGGINS, JAMIE CLIFTON, | ) | |
| and CHRISTIE KAY, | ) | |
| | ) | |
| Defendants. | ) | |

## Order

Before the Court are Plaintiff's Rule 72 Appeals [Case No. 05-1241, Docs. #103 & #104; Case No. 06-1033, Doc. #28]. In these objections, Plaintiff seeks reversal of Magistrate Judge Gorman's decision granting the Defendant's Motion to Compel and Defendants' Motion to Consolidate [Case No. 05-1241, Docs. #100 & #101; Case No. 06-1033, Doc. #26]. For the reasons that follow, the Court affirms Magistrate Judge Gorman's decisions.

### Standard of Review

A magistrate judge may rule directly on non-dispositive pretrial matters. See Fed R. Civ. P. 72(a). On such matters, the district judge may reconsider the magistrate's decision only "where

it has been shown that the magistrate's order is clearly erroneous or contrary to law." United States v. Brown, 79 F.3d 1499, 1503 (7th Cir. 1996);  28 U.S.C. § 636(b)(1)(A).

## Analysis

As for Magistrate Judge Gorman's Order granting Defendant's Motion to Compel [Case No. 05-1241, Doc. #100], there is nothing clearly erroneous about his finding that the Defendant's several written and electronic communications to Plaintiff were sufficient to constitute conferring as required by Federal Rules of Civil Procedure 37(a)(2)(A).

Rule 37(a)(2)(A) requires that prior to filing a motion to compel, the movant must first have attempted in good faith to confer with the party not making disclosure in an effort to secure the disclosure without court action. Fed. R. Civ. P. 37(a).  The record clearly shows that Defendant made several written, as well as electronic communications, to Plaintiff in an attempt to secure disclosure of the several pieces of information that Plaintiff refused to disclose.  See *Defendant's Motion to Compel*, Case. No. 05-1241, Doc. # 60 at Exs. B-F.  The Court will not require more especially considering Plaintiff's history of being uncooperative.[1]

This Court also finds no fault in Judge Gorman's decision

---

[1] For example, the Court notes that Plaintiff refused to comply with the original production request because of a typographical error in that it asked that the documents be returned to Plaintiff's attorney instead of Defendant's attorney.

that the Motion to Compel was timely.  As Magistrate Judge Gorman correctly noted, Defendant cannot be faulted for trying to give Plaintiff one last chance at cooperating.  Plaintiff was being extremely uncooperative.  Defendant tried one last time to secure disclosure on February 7, 2006, and then filed their motion to compel 30 days later on March 7, 2006.

The Court also finds Magistrate Judge Gorman's decision to grant the Defendants' Motion to Consolidate was not erroneous.  In his appeal, Plaintiff reiterates his previous objections to Defendants' motion to consolidate--that a jury trial has been waived in one case but not the other, and that discovery is closed in one case but not the other.  These issues are outweighed, however, by the fact that the two cases are based on essentially the same transactions. Consequently, the Court affirms Magistrate Judge Gorman's consolidation order.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Rule 72 Appeals [Case No. 05-1241 Docs. #103, #104; Case No. 06-1033 Doc. #28] are DENIED. Magistrate Judge Gorman's May 24th Orders are AFFIRMED.

Entered this <u>10th</u> day of July, 2006.

                                          s/ Joe B. McDade
                                          JOE BILLY McDADE
                                   United States District Judge