E-FILED
Wednesday, 19 July, 2006 02:23:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH W. SIMMONS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONSUMER ADJUSTMENT COMPANY (CACI),<br><br>　　　　Defendant,<br><br>and<br><br>HIGGINS, et al.<br>　　　　Defendants. | Case Nos: 05-1241<br>　　　　　06-1033 |

## MOTION TO STRIKE

**NOW COMES** the Defendants, Consumer Adjustment Company, Inc. (CACI), Andrea Higgins, Jamie Clifton and Christine Kary, by and through their attorneys, Schuering & Associates, P.C., and for their Motion to Strike in the above captioned causes, state as follows:

### COUNT I
### 05-CV-1241 PRAYER FOR RELIEF

1.  That on August 23, 2005, the Plaintiff filed his complaint in 05-CV-1241.

2.  That the Plaintiff requested $50,000.00 per count in pain and suffering, citing 15 U.S.C. 1692K(a)(1) as authority for this prayer.

3.  That the Plaintiff requested $1,000.00 per count in additional damages, citing 15 U.S.C. 1692k(a)(2) as authority for

this prayer.

4. That 15 U.S.C. 1692k(a)(1) allows for actual damages only.

5. That the Defendant has propounded interrogatories and requests for production of documents which request information regarding any medical or psychological treatment for the pain and suffering which the Plaintiff alleges to have received as a result of the acts complained of. A copy of these discovery requests is attached hereto as a group as Exhibit A and is incorporated herein by this reference.

6. That the Plaintiff has responded to these interrogatories and requests for production of documents by stating that he has not sought medical or psychological treatment for the alleged injuries. A copy of these discovery responses is attached hereto as a group as Exhibit B and is incorporated herein by this reference.

7. That the Plaintiff has not and cannot produce any evidence of actual damages sustained herein and specifically states that "I have no medical related to this cause." *See Plaintiff's Response to First Amended Request to Produce, #8, Exhibit B.*

8. That the portion of the Plaintiff's prayer for relief requesting $50,000 per count for pain and suffering should be stricken from the complaint as the Plaintiff cannot provide evidence necessary to prove actual damages sustained in this action.

9. That 15 U.S.C. 1692k(a)(2)(A) allows for a statutory

maximum of $1,000.00 in additional damages per proceeding, not per count. See *Wright v. Finance Serv.*, 22 F.3d 647 (CA6 Oh. 1994).

10. That 15 U.S.C. 1692k(b)(1) states that factors that the court may consider in its award of additional damages include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."

11. That the Defendants telephoned the Plaintiff on three occasions over a period of one month utilizing an automated telephone dialing system which randomly called debtors such as the Plaintiff.

12. That such pattern of telephone calls, even if found to be in violation of the statute, do not amount to a level of harassment sufficient to substantiate a claim under the statute in question. See *Bennett v. Arrow Financial Services, L.L.C.*, 2004 U.S. Dist. Lexis 6617 (N.Dist. Ill. 2004). In *Bennett* two phone calls completed a couple of weeks apart did not rise to the level of intentional harassment necessary to support a claim under 15 U.S.C. 1692d(5). Similarly, in the case at bar three phone calls were completed over the space of approximately one month with only one call being answered by the Plaintiff for approximately 7 seconds.

13. That the telephone calls made by the Defendants, even if determined to be in violation of the statutes, were not so egregious under 15 U.S.C. 1692k(b)(1) as to give rise to any monetary damages.

14. That an award of damages under 15 U.S.C. 1692k(a)(2)(A) is entirely within the discretion of the court. *Savino v Computer Credit* (1998, CA2 NY) 164 F3d 81, 42 FR Serv 3d 1154.

15. That, absent any possibility of recovery of a monetary award, the Plaintiffs complaint in this cause should be dismissed with prejudice.

**WHEREFORE**, the Defendants pray for an order of this court striking those portions of the Plaintiffs prayer for relief which request $50,000.00 per count in actual damages and $1,000.00 per count in additional damages, dismissing the Plaintiff's complaint in 05-CV-1241 with prejudice as no relief prayed for can be granted, and granting the Defendants such further relief as this court deems equitable and just under the circumstances.

### COUNT II
### 06-CV-1033 Prayer for Relief

16. That on February 16, 2006, the Plaintiff filed his complaint in 06-CV-1033.

17. That the Plaintiff requested $1,000 per count in actual damages and $10,000 per count in punitive and/or compensatory damages plus court costs in the Plaintiffs prayer for relief.

18. That any request for punitive damages should be disallowed as the plain language of 15 U.S.C. 1692k makes no reference to punitive damages as being a possible recovery. See *Aronson v. Creditrust Corp*, 7 F. Supp.2d 589 (W.D. Pa. 1998).

19. That the Defendant has propounded interrogatories and

requests for production of documents which request information regarding any medical or psychological treatment for the pain and suffering which the Plaintiff alleges to have received as a result of the acts complained of. A copy of these discovery requests is attached hereto as a group as Exhibit A and is incorporated herein by this reference.

20. That the Plaintiff has responded to these interrogatories and requests for production of documents by stating that he has not sought medical or psychological treatment for the alleged injuries. A copy of these discovery responses is attached hereto as a group as Exhibit B and is incorporated herein by this reference.

21. That the Plaintiff has not and cannot produce any evidence of actual damages sustained herein and specifically states that "I have no medical related to this cause." See Plaintiff's Response to First Amended Request to Produce, #8, Exhibit B.

22. That the portion of the Plaintiff's prayer for relief requesting $1,000 per count for actual damages should be stricken from the complaint as the Plaintiff cannot provide evidence necessary to prove actual damages sustained in this action.

23. That 15 U.S.C. 1692k(a)(2)(A) allows for a statutory maximum of $1,000.00 in additional damages per proceeding, not per count. See Wright v. Finance Serv., 22 F.3d 647 (CA6 Oh. 1994).

24. That 15 U.S.C. 1692k(b)(1) states that factors that the court may consider in its award of additional damages include "the frequency and persistence of noncompliance by the debt collector,

the nature of such noncompliance, and the extent to which such noncompliance was intentional."

25. That the Defendants utilized an automated telephone dialing system which randomly called debtors such as the Plaintiff.

26. That, although it is not clear from the Plaintiff's complaint in 06-CV-1033, the Defendants maintain that they telephoned the Plaintiff on three occasions over a period of one month as alleged in the complaint in 05-CV-1241.

27. That such pattern of telephone calls, even if found to be in violation of the statute, do not amount to a level of harassment sufficient to substantiate a claim under the statute in question. *See Bennett v. Arrow Financial Services, L.L.C.*, 2004 U.S. Dist. Lexis 6617 (N.Dist. Ill. 2004). In *Bennett* two phone calls completed a couple of weeks apart did not rise to the level of intentional harassment necessary to support a claim under 15 U.S.C. 1692d(5). Similarly, in the case at bar three phone calls were completed over the space of approximately one month with only one call being answered by the Plaintiff for approximately 7 seconds.

28. That the telephone calls made by the Defendants, even if determined to be in violation of the statutes, were not so egregious under 15 U.S.C. 1692k(b)(1) as to give rise to any monetary damages.

29. That an award of damages under 15 U.S.C. 1692k(a)(2)(A) is entirely within the discretion of the court. *Savino v Computer Credit* (1998, CA2 NY) 164 F3d 81, 42 FR Serv 3d 1154.

30. That, absent any possibility of recovery of a monetary award, the Plaintiffs complaint in this cause should be dismissed with prejudice.

**WHEREFORE**, the Defendants pray for an order of this court striking those portions of the Plaintiffs prayer for relief which request $10,000.00 per count in actual damages and $1,000.00 per count in punitive and/or compensatory damages, striking any request for punitive damages, dismissing the Plaintiff's complaint filed in 06-CV-1033 with prejudice as no relief prayed for can be granted, and granting the Defendants such further relief as this court deems equitable and just under the circumstances.

Respectfully Submitted,
SCHUERING & ASSOCIATES, P.C.
By:   s/Michael L. Hill
Bar No. 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
Michael.hill@skklawyer.com

```
              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF ILLINOIS
                    PEORIA DIVISION
```

KENNETH W. SIMMONS,                )
                                   )
          Plaintiff,               )
v.                                 )    Case No: 05-1241
                                   )
CONSUMER ADJUSTMENT COMPANY (CACI) )
                                   )
          Defendant.               )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on July 19, 2006, I electronically filed the foregoing MOTION TO STRIKE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A
and I certify that I have mailed the MOTION TO STRIKE to: Kenneth W. Simmons, 12836 Appenzeller Road, Mackinaw, Illinois 61755

s/ Michael L. Hill
Michael L. Hill
Reg. # 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
michael.hill@skklawyer.com

EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH W. SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 05-1241 |
| ) | |
| CONSUMER ADJUSTMENT COMPANY (CACI), ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S INTERROGATORIES TO PLAINTIFF

**NOW COMES** the Defendant, Consumer Adjustment Company, Inc. (CACI), by and through its counsel, Schuering & Associates, P.C., and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following Interrogatories to the Plaintiff, Kenneth W. Simmons, and requests that the Plaintiff file in the office of the attorney for the Defendant, within thirty (30) days after the service of the Interrogatories, responses thereto.

**INTERROGATORY 1)** Please state your name, date of birth, social security number, driver's license number and State issuing same.

   **RESPONSE:**

**INTERROGATORY 2)** Please give any and all addresses at which you have resided, for any amount of time, for the past five years.

   **RESPONSE:**

**INTERROGATORY 3)** Are you currently employed? If so, please state the date you began your employment, your wage, your duties, the employer's name, telephone number and address.

**RESPONSE:**

**INTERROGATORY 4)** Have you filed any actions in any Federal Court within the last five years? If so, for each action, please state the date of filing, the case number, all parties thereto, a brief description of the action, and the disposition of each action.

**RESPONSE:**

**INTERROGATORY 5)** Please disclose the date and time of all telephone calls received by you from CACI.

**RESPONSE:**

**INTERROGATORY 6)** Did you have an answering machine connected to your phone line during the time period referenced in your Complaint? If so, please state the make, model, and serial number of any and all answering machines used during the referenced time period.

**RESPONSE:**

**INTERROGATORY 7)** Did you have a caller identification system connected to your telephone line during the time period referenced in your Complaint? If so, provide the type of caller identification, the provider of said services, or, if a separate unit, please provide the make, model, and serial number of any and all units.

**RESPONSE:**

**INTERROGATORY 8)** Please provide the dates and times of all instances during which you spoke via telephone with any

representative of the Defendant, and provide the details of each of those conversations.

**RESPONSE:**

**INTERROGATORY 9)** Have you ever been convicted of a crime involving dishonesty or fraud? If so, for each conviction, please provide the date, details of the conviction, the arresting agency and the disposition of the conviction, and attach any reports or other documents regarding each conviction.

**RESPONSE:**

**INTERROGATORY 10)** During the time period referenced in your Complaint, did you have health insurance coverage? If so, please provide a copy of each policy or policies under which health insurance coverage was provided to you.

**RESPONSE:**

**INTERROGATORY 11)** Describe the psychiatric, psychological, and/or emotional injuries you alleged to have suffered as a result of the acts alleged to have been committed by the Defendant in your Complaint.

**RESPONSE:**

**INTERROGATORY 12)** With regard to the aforementioned injuries, state:

   A.  The name of any psychiatric, psychological and/or emotional injury claim, and a name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury;

   B.  Whether you had suffered any psychiatric, psychological

and/or emotional injury prior to the date of the acts described in your Complaint; and,

C. If Subparagraph B is in the affirmative, please state when and the nature of any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury.

**RESPONSE:**

**INTERROGATORY 13)** List the names and addresses of all persons (other than yourself and persons heretofore listed) who have knowledge of the facts regarding the actions alleged in your Complaint and/or the injuries claimed to have resulted to you therefrom.

**RESPONSE:**

**INTERROGATORY 14)** Do you currently suffer any lasting effect from the injuries which you alleged you were caused by the actions of the Defendant in your Complaint? If so, please describe in detail those effects, the date which those effects began to be noticed by you, and any on-going treatment for said effects.

**RESPONSE:**

Respectfully submitted,

SCHUERING & ASSOCIATES, P.C.

By: *Michael L. Hill*
Michael L. Hill

Michael L. Hill
Reg. # 6284881
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Post Office Box 9622
Springfield, Illinois 62791-9622
Telephone: (217) 698-6060
Facsimile: (217) 698-6161

## ATTESTATION

STATE OF ILLINOIS             )
                              )   SS
COUNTY OF TAZEWELL            )

Kenneth W. Simmons, being first duly sworn on oath, deposes and states that he is the Plaintiff in the above-captioned matter; that he has read the foregoing document, and the responses made herein are true, correct, and complete to the best of his knowledge and belief.

                                                                  Kenneth W. Simmons

SUBSCRIBED AND SWORN to before me, a Notary Public, this _____ day of _____, 2005.

                                                                   Notary Public

E-FILED
Friday, 20 January, 2006 01:49:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS,                )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    Case No: 05-1241
                                    )
CONSUMER ADJUSTMENT COMPANY (CACI)  )
                                    )
            Defendant.              )

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on January 20, 2006, I electronically filed the foregoing Certificate of Service regarding the Defendant's First Amended Request to Produce Documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A

and I certify that I have emailed the Defendant's First Amended Request To Produce Documents to: Kenneth W. Simmons, simmons@route24.net; and that I have also sent said document via First Class, U.S. Mail to: Kenneth W. Simmons, 12836 Appenzeller Road, Mackinaw, Illinois 61755.

s/ Michael L. Hill
Michael L. Hill
Reg. # 6284881
Attorney for Defendant
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Springfield, Illinois 62704
Telephone: (217) 698-6060
Facsimile: (217) 698-6161
michael.hill@skklawyer.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS,           )
                              )
            Plaintiff,        )
                              )
v.                            )      Case No: 05-1241
                              )
CONSUMER ADJUSTMENT COMPANY (CACI), )
                              )
            Defendant.        )

**<u>DEFENDANT'S FIRST AMENDED REQUEST TO PRODUCE DOCUMENTS</u>**

**NOW COMES** the Defendant, Consumer Adjustment Company, Incorporated (CACI), by and through its attorneys, Schuering & Associates, P.C, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, request that the Plaintiff, Kenneth W. Simmons, furnish the following documents for photocopying, reproduction, or inspection at the office of counsel for the Defendant within thirty (30) days after the service of this request:

1.  All letters sent by the Plaintiff to the Defendant regarding the above-captioned cause.

2.  All letters received by the Plaintiff from the Defendant in the above-captioned cause.

3.  The Plaintiff's Federal and State income tax returns for the previous five years.

4.  All documents regarding telephone records and showing calls received by the Plaintiff from the Defendant.

5.  All recordings of any conversations with any representatives of the Defendant.

6. Copies of the initial Complaint of any suit filed by the Plaintiff in any Federal Court within the last five years.

7. Any and all documents the Plaintiff intends to rely upon at the trial in this matter.

8. Any and all medical or psychiatric reports regarding the mental anguish and damages alleged to have been suffered by the Plaintiff in the above-referenced cause.

Respectfully submitted this 20th day of January, 2006.

**SCHUERING & ASSOCIATES, P.C.**

By: *Michael L. Hill*
Michael L. Hill

Michael L. Hill
Reg. # 6284881
Schuering & Associates, P.C.
3050 Montvale Drive, Suite B
Post Office Box 9622
Springfield, Illinois 62791-9622
Telephone: (217) 698-6060
Facsimile: (217) 698-6161


EXHIBIT B

12-9-05

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-
CACI
DEFENDANT

CASE NO. 05-1241

Plaintiff's answer to interrogatories

DEFENDANT'S INTERR. 1.
Answer - This iterr. is irrelevant and priviledge.
DEFENDANT'S INTERR. 2.
Answer - I have lived at present address for 5 years.
DEFENDANT'S INTERR. 3.
Answer - I am presently unemployed.
DEFENDANT'S INTERR. 4.
Answer - I have filed numerous civil rights actions in Federal Court, I do not recall each action, date, case numbers, all parties thereto, and the defendant can retrieve this information via the courts records.
DEFENDANT'S INTERR. 5.
Answer - The Plaintiff objects to this interr., in that it requests answers already provided in the complaint.
DEFENDANT'S INTERR. 6.
Answer - No. Plaintiff did have voice mail provided by U.S. Cellular.
DEFENDANT'S INTERR. 7.
Answer - Plaintiff did have caller I.D. provided by U.S. Cellular.
DEFENDANT'S INTERR. 8.
Answer - Plaintiff called Defendant on 2-18-05, denied oweing the alleged debt.
DEFENDANT'S INTERR. 9.
Answer - No
DEFENDANT'S INTERR. 10.
Answer - No
DEFENDANT'S INTERR. 11.
Answer - I felt harassed, annoyed, and abused. Not to mention mad.
DEFENDANT'S INTERR. 12.
Answer - None.
DEFENDANT'S INTERR. 13.
Answer - Plaintiff objects as this interr. requests information already disclosed.
DEFENDANT'S INTERR. 14.
Answer - Yes. I am still being harrassed, annoyed and abused by the defendant.

dated 12-9-05

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

KENNETH W. SIMMONS
Pro Se

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-  case no. 06-1033 &
Higgins, et al.

CACI  case no. 05-1241

### Plaintiff's Response to First Amended Request to Produce

1. Answer: I have provided all documents sent to Defendant/ Defendants, see attached documents to complaint, including Confidential Settlement Offer.

2. Answer: I have provided all letters I received from Defendant/Defendants, see attached to complaint.

3. Answer: See attached exhibit 1, Federal tax returns and transcripts for 2001, 2002, 2003, 2004 and 2005. Also attached are state tax returns for 2003, 2004, and 2005. I have requested and paid the twenty dollars to the Illinois Dept. of Revenue and await they're delivery. Plaintiff will email them to Attorney Hill upon receipt.

4. Answer: I have provided all documents I possess of my phone records, See Traci Hart documents as well.

5. Answer: I have no recordings.

6. Answer: I have attached all copies of complaint I have filed within the last five years, Exhibit 2 that I possess. I will supply copies of the other complaints within 10 days of service of this response.

7. Answer: I have provided all documents that I intend to use at trial, see attached to complaint and telephone records already provided.

8. Answer: I have no medical related to this cause.

Kenneth W. Simmons  K.W. Simmons
12836 Appenzeller Rd.  Pro Se
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-  case no. 06-1033
Higgins,et al
Defendant's

CACI  case no. 05-1241

Certificate of service

The undersigned certifies that on 7-11-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's response to first amended request to produce, before 5.p.m. via U.S. Mail.

Kenneth W. Simmons  K.W. Simmons
12836 Appenzeller Rd.  Pro Se
Mackinaw, Ill. 61755
309-359-5820