E-FILED
Wednesday, 16 August, 2006  04:19:44 PM
Clerk, U.S. District Court, ILCD

```
            UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF ILLINOIS
                  PEORIA DIVISION

KENNETH W. SIMMONS,                )
                                   )
          Plaintiff,               )
                                   )
v.                                 )   Case No: 06-1033
                                   )
HIGGINS, ET AL.,                   )
                                   )
          Defendants,              )
                                   )
and                                )
                                   )
CONSUMER ADJUSTMENT COMPANY (CACI),)   Case. No. 05-1241
                                   )
          Defendant.               )
```

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO STRIKE

#### INTRODUCTION

On July 19, 2006, the Defendants in the above-captioned causes filed a Motion To Strike the prayers for relief in those causes of action. The Plaintiff, Kenneth W. Simmons, claims that the Defendant in 05-CV-1241 has caused him $50,000 per Count in pain and suffering, and $1,000 per Count in additional damages for a total of $540,000, and in 06-CV-1033, $1,000 per Count in actual damages and $10,000 per Count in punitive/compensatory damages for a total of $99,000.

The Defendants argue that the Plaintiff cannot prevail on an action for actual damages under 15 U.S.C. 1692 K (a) (1) as the Plaintiff cannot prove he suffered by actual damages when, in fact, the actions of the Defendants complained of by the Plaintiff do not

amount to a violation of 1692 d. Further, the Defendants state that 1692 k (a)(2)(A) allows for a statutory maximum of $1,000.00 per action and that any such award under k (a)(2)(A) is entirely within the discretion of the Court. The Defendants allege that, once the Court considers the factors list in 15 U.S.C. 1692 k (b)(1), the Court will determine that the Complaint of the Plaintiff is without merit and deserves no monetary compensation.

**I. Argument.**

Over a period of one month, the Defendants telephoned the Plaintiff on three separate occasions in an attempt to collect a debt, and, in an attempt to investigate the Plaintiff's dispute concerning the debt. The Defendants left two messages for the Plaintiff as two of the three calls were unanswered. The remaining call was answered for a duration of 7 seconds.

The Fair Debt Collections Practices Act was passed "in response to 'abundant evidence of the use of abusive, deceptive, and unfair debt collection practices.'" Udell v. Kansas Counselors, Inc., 313 F. Supp. 2d 1135, (U.S. Dist. KA 2004) *quoting* 15 U.S.C. § 1692 (a) *and accord* Johnson v. Riddle, 305 F. 3d 1107, 117 (10th Cir. 2002).

> "The stated purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action against debt collection abuses."
> Id.

Further, "the FDCPA generally prohibits debt collectors from

engaging in harassing and abusive conduct, using false, deceptive, and misleading representations, and using unfair or unconscionable means to collect debts." Udell at 1139.

Absent from the stated purpose of 15 U.S.C. 1692, as set forth above, and from the statute itself, is an intent to make it impossible for debt collectors to attempt to collect on debts and an intent to create a windfall whereby persons can claim outrageous damages resulting from non-outrageous conduct.

In Udell, supra, the Defendant, Kansas Counselors, Inc. (KCI) placed four telephone calls to the Plaintiff over the course of seven days. KCI chose not to leave any messages. The Court stated that there was "nothing harassing, oppressive, or abusive about this conduct. Certainly, it does not fall within the realm of other types of egregious conduct specifically prohibited by 1692 d." Udell at 1144. Similarly, in Bennett v. Arrow Financial Services, LLC, 2004 U.S. Dist. Lexis 6617 (N. Dist. Ill 2004), two phone calls placed a couple of weeks apart did not arise to the level of harassment necessary for a violation of 15 U.S.C. 1692 d (5). Should the actions of the Defendants be found to be in violation of U.S.C. 1692 d (5),then debt collection companies would be unable to effectively collect debts owed to creditors as one phone call in a week could open them up to liability under the FDCPA, and debt collectors who refrain from using obviously abusive tactics in an attempt to abide by the terms of the Statute would be competitively disadvantaged, in direct conflict with the stated

purpose for 1692 d (5).

The Plaintiff also claims that the telephone calls of the Defendants violated U.S.C. 1692 g (b) by failing to cease collection of a debt. The Plaintiff states that this alleged violation caused him mental and emotional harm. The Defendants collection efforts were terminated. No further action to collect the debt was taken by the Defendants and the Plaintiff has not provided any evidence to show otherwise. The Defendants did not file a Court action in collection of this debt, nor did they report this debt to a credit bureau. Any subsequent telephone calls made to the Plaintiff by the Defendant's that were not for the purpose of collection are not in violation of 1692 g (b).

## II. Defendants Actions Are not violations of 15 U.S.C. 1692 c (c) or 1692 g (b).

The time line established by the Plaintiff's Complaint in 05-SC-1241 alleges that, on February 24, March 7, and March 19 of 2005, the Defendants violated the sections of 15 U.S.C. 1692 named therein. The Plaintiff apparently proceeds on the basis that his letter dated February 18, 2005, and attached to the Complaint, serves as a sufficient notice to the Defendants to invoke the protections of 15 U.S.C. 1692 c (c) and 1692 g (b). For a violation of 1692 c (c) to have occurred a debt collector must continue to communicate with a debtor who has notified the debt collector "in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer." 15 U.S.C. 1692 c (c). The

contents of the Plaintiff's letter of February 18, 2005 falls short of the strict requirements of 1692 c (c) in that, while the Plaintiff denies owing the debt, he never specifically refuses to pay it and, while the Plaintiff states that, "if you harass me again, I am allowed to recover damages..." *Plaintiff's letter of February 18, 2005,* the Plaintiff never specifically tells the Defendant to stop calling.

Claims against debt collectors under the FDCPA are to be viewed through the eyes of the "unsophisticated consumer." <u>Gammon v. GC Service. Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994). The unsophisticated consumer is regarded as "uninformed, nave, or trusting," but nonetheless is considered to have a "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." <u>Fields v. Wilber Law Firm, P.C.</u>, 383 F.3d 563, 564 (7th Cir. 2004)

Under the definition of an "unsophisticated consumer" and given that the Plaintiff has a working knowledge of the statutes and procedures of the United States, it is patently obvious that the Plaintiff is "capable of making basic logical deductions and inferences." The Plaintiff, therefore, is more than capable of understanding that 1692 c (c) requires a specific notice to the Defendants to cease communication or an outright refusal to pay a debt. Merely stating that a debt doesn't belong to a person foes not mean that person refuses to pay it.

The Plaintiff has filed more than 8 cases in Federal Court and

has indicated in correspondence that he has taken paralegal courses. This experience tends to show that the Plaintiff is not an "unsophisticated consumer." However, even if held to that lower standard, the Plaintiff can obviously read the plain language of the statute and should realize what is required in order to give the Defendants sufficient notice thereunder. As the Defendants were not properly informed under 1692 c (c), any further communication by them, whatever its purpose, is not in violation of that Statute.

    **III. Conclusion**.

In both causes of action for the Plaintiff cannot provide sufficient evidence or justification for the damages claims. As such, the Court should strike the Plaintiff's prayer for relief in its entirety. The preceding case law and statutory authority wholly supports this proposition.

    Respectfully Submitted,
    SCHUERING & ASSOCIATES, P.C.
    By:  /s/ Michael L. Hill
    Bar No. 6284881
    Attorney for Defendant
    3050 Montvale Drive, Suite B
    Springfield, Illinois 62704
    Telephone: (217) 698-6060
    Facsimile: (217) 698-6161
    Michael.hill@skklawyer.com

```
                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF ILLINOIS
                           PEORIA DIVISION

KENNETH W. SIMMONS,                )
                                   )
          Plaintiff,               )
v.                                 )     Case No: 05-1241
                                   )
CONSUMER ADJUSTMENT COMPANY (CACI) )
                                   )
          Defendant.               )
```

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on August 16, 2006, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A and I certify that I have mailed the **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE** to: Kenneth W. Simmons, 12836 Appenzeller Road, Mackinaw, Illinois 61785, his residential address as disclosed by the pleadings of the record herein.

```
                              s/ Michael L. Hill
                              Michael L. Hill
                              Reg. # 6284881
                              Attorney for Defendant
                              Schuering & Associates, P.C.
                              3050 Montvale Drive, Suite B
                              Springfield, Illinois 62704
                              Telephone: (217) 698-6060
                              Facsimile: (217) 698-6161
                              michael.hill@skklawyer.com
```