E-FILED
Wednesday, 30 August, 2006  12:15:56 PM
Clerk, U.S. District Court, ILCD

FILED

AUG 2 9 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-
Higgins, et al.

case no. 06-1033 &

CACI

case no. 05-1241

### Plaintiff's Response to Memorandum of law/ Defendant's most recent filing

It appears that the Defendant has taken the, if at first you don't succeed, try, try again, in that this is the SECOND MEMORANDUM of law filed with the same motion to strike in that the Defendant provides no admitted facts, no answers to interr., no documents to support any of thier other allegations in this memorandum. In fact the Defendant is still in denial in that they almost, kind of sorta, in a little way, caused the Plaintiff's phone to ring with some hogwash about they were kind of sorts collecting a debt when they called me, but then the hogwash about and an investigation and alleged ghost messages, Plaintiff claims that the allegations are false, there was no investigation and a investigation is not allowed under Title 15 section 1692 and further both Clifton and Higgins have indicated they were not trained to investigate a debt, but only trained to COLLECT A DEBT, Plaintiff testifys that at no time did the Defendant leave a message on Plaintiff's voice mail, Higgins and Clifton both indicate that the were ONLY COLLECTING A DEBT. Furthermore, the act was to prevent exactly what the Defendant was doing, the Plaintiff did not owe the money further. Further, Plaintiff demanded the Defendant cease communication. And further, at no time did the Plaintiff inform the Defendant that Plaintiff was willing to pay a debt he did not owe, quite the contrary Plaintiff denied owing the alleged debt, requested the Defendant cease communication, informed the Defendant of the party oweing the debt and informed the Defendant that at that point Plaintiff was feeling harassed and requested that the harassment not continue. Furthermore, the case law that the Defendant provided the Court is contrary to section 1692 in that congress indicates that ANY VIOLATION OF THE SECTION IS A VIOLATION OF THE LAW, and the Court has to consider the natural consequences of the Defendant's actions, the only time the Court is to consider the number of times of occurance of the action is during sentencing, see section 1692 (k). Furthermore, Plaintiff request the Court find that the Defendant's memorandum was not timely filed with the motion to strike, dismiss the memorandum as it truely is a motion to dismiss and does not comply with the requirements of a motion to dismiss and the memorandum is not clear as to the facts etc.. Again, it would be best if the Defendant entered a guilty plea at this point.

K/W. Simmons
Pro Se

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                          case no. 06-1033
Higgins,et al
Defendant's

CACI                                         case no. 05-1241

Certificate of service

The undersigned certifies that on 8-29-06 the Plaintiff served upon the attorney of record a copy
of the Plaintiff's attached motion,  before 5.p.m. via U.S. Mail.

K.W. Simmons
Pro Se

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820