FILED
Wednesday, 27 September, 2006 02:48:43 PM
Clerk, U.S. District Court, ILCD

FILED
SEP 2 7 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-
Higgins, et al.

case no. 06-1033 &

CACI

case no. 05-1241

Plaintiff's objections to Defendant's Answer, Affirmative Defense/Motion to Dismiss

Plaintiff objects to the Defendant's answer etc.. In the past the Defendant's via a filing for a motion for more definitive pleading, doc# 27, in that motion the attorney stated "that counsel CANNOT, with ethical safety, form a response to the complaint" yet the attorney of record SERVED NO DISCOVERY ON THE PLAINTIFF regarding the issues raised by the Defendant in doc #27, but the attorney now can make a ethical response without any discovery on the issue indicates to the Plaintiff that the attorney was unethical in filing the motion #27 and merely filed to increase the costs of the Plaintiff in litigation and to merely use the Court's time with frivilous filings, THERE WAS NO ETHICAL REASON TO FILE DOC. # 27. That motion should be dismissed as frivilous and the Defendant and attorney sanctioned. Plaintiff requests the Court dismiss the complaint with prejudice against the Defendant's and grant the relief the Plaintiff requested.

FURTHER, Ms. Kary it appears CANNOT be found to answer interr.and document requests, see motion to compel doc.# 115 in case no. 05-1241, in which the attorney indicates that Ms. Kary is unreachable, YET SHE NOW INDICATES A GENERAL DENIAL OF PLAINTIFF'S CLAIMS. Ms. Kary is, I assume, still unavailable and unable to provide a defense, Plaintiff requests a default as the Defendant can not file a timely reply and Defendant's filing of doc. # 27 is frivilous. Plaintiff requests all relief requested in Complaint. Further Plaintiff requests the Court sanction the attorney of record for frivilously filing doc. # 27 and the Defendant's answer to the complaint as both motions are unethical and frivilous in nature, the attorney can not answer the complaint if they haven't a client to consult.

FURTHER, Plaintiff objects to the answer and affirmative defense's on the grounds that attached to an answer the Defendant can supply a motion to dismiss, as this is the case here but disgusted as an "affirmative defense", and since the affirmative defense is in REALITY a motion to dismiss, Plaintiff objects on the grounds that the attorney has not properly filed the motion to dismiss but merely tried to disguise it. But I will address the issues #10 thru 20.

Response to # 10, This statement by the Defendant is false, Plaintiff claims that the Defendant CACI called my cell phone while I was at my residence and violated the law, contacting Plaintiff at his residence.

Response # 11 This statement is false, there is no documents to support the Defendant's self serving claim of an automated dialer, discovery and disclosure are complete and there are no documents or disclosure of an automated dialer. There is no admissiable evidence to be used at trial, such as but not limited to an inspection of the system as requested by the Plaintiff and denied, a receipt for alleged system. Furthermore, CACI in the past has lied and falsely testified to this Court that on two of the three phone calls a message was left by AN AUTOMATED MESSGAE SYSTEM, see attached affidavit filed under the penalty of perjury. Plaintiff requests the Court order a hearing for cause to show why Mr. Weiss has NOT perjured himself and to supply the Court with the documents or reasoning for lieing to this Court, in contempt of Court. Furthermore, see attached, CACI indicates in a supplement to my interrogatories that not only did this fantom message machine CALL the Plaintiff but indicated that Defendant's Higgin, Kary and Clifton called not a fantom dialer of which there is no evidence of.

Response # 12 Plaintiff questions why, after discovery the Defendant's are assuming.

Response # 13 Plaintiff wonders aloud, why in the previous Defense the Defendant assumes but now it appears a fact the dates Plaintiff alleges.

Response # 14 Plaintiff responds that the Defendant showed a pattern of abuse, harassment and annoying the Plaintiff causing emotional and mental damages by calling the Plaintiff to collect a debt that the debt collector KNEW was false, not an alleged debt, but KNEW was false was a CLEAR violation of the act, see attached the Ninth Circuit Court's ruling.

Response # 15, Congress enacted the act to prevent and deter the actions the Defendant is accussed of, the act was not for debt collectors who have been sued numerous times, as is the case of the defendant, to skirt the law. Further, the law CLEARLY tells the Court to consider the NATURAL CONSEQUENCES of the Defendant's actions. Plaintiff clearly denied the debt, in fact the Plaintiff directed the Defendant to the true Debtor, Plaintiff indicated that he felt harassed, Defendant began calling, Plaintiff called the Defendant and requested the Defendant CEASE ALL COMMUNICATION, Defendant again called, Plaintiff hung up on Defendant, Defendant continued to call the Plaintiff over a total of six months, in fact until the lawsuit was filed. Plaintiff has only filed suit for three phone calls but indicates that the Defendant called Plaintiff for six months AFTER the letter Plaintiff sent denying the debt etc.., in excess of 12 times. Not one time did Defendant call Pekin Hospital or Tazewell County Sheriff.

Response # 16, Udell is contrary to the law and the Ninth Circuit Court's ruling attached. Further, the Udell Court did not consider the issue of a party not owing the debt as indicated by the Ninth Circuit.

Response # 17 Plaintiff at NO TIME indicated that a message was left on my voice mail, this was a lie that CACI swore to under the penalty of perjury and continued to puport knowing it to be false.

Response # 18 Defendant has infact filed numerous motions and a sworn affidavit that are false, the Defendant indicates that it was erronous but the Defendant fails to indicate what documents contained the false filing and further fails to withdraw the motions or the false affidavit, but the affidavit is false for more that just the messages, the affidavit is false because Mr. Weiss lied by indicating to the Court that the Defendant was"investigating a debt", further Mr. Weiss indicates that the Defendant was NOT collecting a debt, Defendant's Clifton and Higgins indicate that CACI has no training to investigate a debt and they were collecting a debt. Quite contrary to Mr. Weiss swore affidavit. Mr. Weiss should be brought before the Court and explain his statements and false filings and Plaintiff will provide evidence at the conclusion of Mr. Weiss' testimony to this Court to IMPEACH AND FURTHER PERJURE his testimony. I anticipate Mr. Weiss further perjurying himself and I assure the Court under the penalty of perjury that I supplied Mr. Weiss and the Defendant's documents in 2005 that indicated no messages were left. I will disclose and supply the Court with this document at the hearing. And would request the Court and Plaintiff be allowed to question Mr. Weiss.

Response # 19. Again this court's ruling on the case presented was contrary to the law and the Ninth Circuit's ruling supplied.

Response # 20 Defendant CLEARLY violated the act and the Plaintiff requests the Court enter a judgment in the Plaintiff's favor and sanction the party that has perjured himself, and all the relief Plaintiff requested.

Kenneth W. Simmons
12836 Appenzeller Rd.

K.W. Simmons
Pro Se

Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

1:05-cv-01241-JBM-JAG   # 127   Page 3 of 9



DEFENDANT'S EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS,        )
                           )
        Plaintiff,         )
                           )
v.                         )   Case No: 05-1241
                           )
CONSUMER ADJUSTMENT COMPANY (CACI),)
                           )
        Defendant.         )

### AFFIDAVIT OF ROGER WEISS

STATE OF MISSOURI      )
                       )§
COUNTY OF ST. LOUIS    )

I, Roger Weiss, being first on oath, duly sworn, depose and state as follows:

1. That I am the President of Consumer Adjustment Company, Inc. In St, Louis, Missouri.

2. That the records of Consumer Adjustment Company, Inc., do not show any telephone calls made from Consumer Adjustment Company, Inc. (CACI), Defendant, to Kenneth W. Simmons, Plaintiff, on February 24, 2005, or March 7, 2005.

3. That the telephone call from Defendant to Plaintiff on March 19, 2005, was an attempt to contact the Plaintiff to further investigate his dispute that the bill was owed.

3. That no verification of the debt was sent to the Plaintiff as the Defendant was unable to complete investigation of the dispute due to the Plaintiff's unwillingness to communicate with the Defendant.

4. That a letter was received by the Defendant from the Plaintiff on April 8, 2005 in which the Plaintiff requested that the Defendant cease communication with the Plaintiff.

5. That no other letter which directly instructed the Defendant to cease communication with the Plaintiff was received by the Defendant.

6. The letter, dated April 8, 2005, does not appear in the Defendant's file on this matter.

7. That, upon the notification by the Plaintiff that the

Defendant should cease communication with the Plaintiff, the Defendant ceased all communication with the Plaintiff.

    8.    That phone messages left on the Plaintiff's answering service disclosed only that the Defendant was attempting to contact the Plaintiff and a telephone number was left for the Plaintiff to return the call to the Defendant.

    9.    That the Plaintiff, or its representatives, did not personally speak with the Plaintiff until August 17, 2005, when the Plaintiff telephoned the offices of the Defendant requesting the Defendant's physical address in order to file suit.

FURTHER, AFFIANT SAYETH NAUGHT.

_12/22/05_
Date

_Roger Weiss_

Subscribed and sworn to before me this _12_ day of _December_, 2005.

_Clare J. Olive_
Notary Public



**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA L. CLARK; JERRY V. CLARK, *Plaintiffs-Appellants,* v. CAPITAL CREDIT & COLLECTION SERVICES, INC., an Oregon corporation; JANINE BRUMLEY; JEFFREY I. HASSON, *Defendants-Appellees.* | No. 04-35563 D.C. No. CV-03-00340-JE |
| LINDA L. CLARK; JERRY V. CLARK, *Plaintiffs-Appellees,* v. CAPITAL CREDIT & COLLECTION SERVICES, INC., an Oregon corporation; JANINE BRUMLEY, *Defendants-Appellants,* and JEFFREY I. HASSON, *Defendant.* | No. 04-35795 D.C. No. CV-03-00340-JE |

10135

support a finding that [debt collector] used "false representation or deceptive means to collect or attempt to collect any debt."); *Charles v. Lundgren & Associates, P.C.*, 119 F.3d 739 (9th Cir. 1997) (same course of conduct stated claim for violations of three sections of FDCPA); *accord Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004) (contemplating violations under §§ 1692e, 1692f, and 1692g for one collection letter).

[23] We have little difficulty accepting the wisdom of our conclusion in *Fox* and the Federal Trade Commission commentary upon which it relied. For instance, a trier of fact would certainly be reasonable in finding that, if Brumley *knew* the debt she was collecting was invalid, the natural consequence of repeatedly calling Mrs. Clark to demand payment of that debt was to "harass, oppress, or abuse" Mrs. Clark. *See* 15 U.S.C. § 1692d. In the same way, when Capital pursues a debt it *knows* is overstated, Capital simultaneously misrepresents the debt in contravention of § 1692e *and* seeks to collect an amount that is not permitted by law in contravention of § 1692f(1).[12]

Moreover, as the Federal Trade Commission has explained, the applicability to the same conduct of multiple subsections of the Act "results from the effort by Congress in drafting the FDCPA to be both explicit and comprehensive, in order to limit the opportunities for debt collectors to evade the underlying legislative intention." 53 Fed. Reg. at 50,101. We see no reason to second guess the decision of Congress.

[24] Still, we cannot believe that, in its quest to avoid loopholes, Congress intended to create windfalls. Thus, we con-

---

[12]That it is not unusual for an action to violate more than one FDCPA provision, *Fox*, 15 F.3d at 1517 n.10, in no way implies that a violation of one provision of the FDCPA *automatically* constitutes a violation of another. Rather, the applicability of more than one section of the Act depends on the particular factual underpinnings of each violation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS,            )
                               )
        Plaintiff,             )
                               )
v.                             )   Case No: 05-1241
                               )
CONSUMER ADJUSTMENT COMPANY (CACI),)
                               )
        Defendant.             )

**SUPPLEMENTAL RESPONSE TO PLAINTIFF'S INTERROGATORIES**

NOW COMES the Defendant, CONSUMER ADJUSTMENT COMPANY (CACI), by and through their attorneys, SCHUERING & ASSOCIATES, P.C., pursuant to Supreme Court Rule 214, and for their Supplemental Response to Interrogatories propounded by Plaintiff, state as follows:

**INTERROGATORY 2)** Identify each person/employee having called the Plaintiff.

**RESPONSE:** Andrea Higgins, Jamie Clifton, Christina Kay and the automated messaging system.

Respectfully Submitted:

SCHUERING & ASSOCIATES, P.C.

BY: _____
     Michael L. Hill

Michael L. Hill
SCHUERING & ASSOCIATES, P.C.
Reg. #6284881
3050 MONTVALE DRIVE, SUITE B
P.O. BOX 9622
SPRINGFIELD, ILLINOIS 62791-9622
Telephone: (217)698-6060
Fax: (217)698-6161

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-  case no. 06-1033
Higgins, et al
Defendant's

CACI  case no. 05-1241

Certificate of service

The undersigned certifies that on 9-27-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's response to objections to answer, before 5.p.m. via U.S. Mail.

Kenneth W. Simmons         K.W. Simmons
12836 Appenzeller Rd.      Pro Se
Mackinaw, Ill. 61755
309-359-5820