UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS, )
)
Plaintiff, )
)
v. ) Case No's: 05-1241 &
) 06-1033
CONSUMER ADJUSTMENT COMPANY (CACI),)
ANDREA HIGGINS, JAMIE CLIFTON & )
CHRISTINA KARY, )
)
Defendants. )

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendants, Consumer Adjustment Company, Inc. (CACI), Andrea Higgins, Jamie Clifton, and Christine Kary, by and through their attorneys, Schuering & Associates, P.C., and for their Motion For Summary Judgment under Federal Rule of Civil Procedure 56 and Rule 7.1 of the Local rules of the United States District Court, Central District of Illinois, states as follows:

**INTRODUCTION**

The Plaintiff alleges that the Defendants have violated 15 USC 1692 C (c), d (5), and g(b) by communicating with the Plaintiff or causing the telephone of the Plaintiff to ring in violation of the above-referenced sections. The Defendants do not deny telephoning the Plaintiff on the three dates alleged in the Plaintiff's Complaint, but deny that those telephone calls violate the provisions of the above-referenced statutes.

Regarding the alleged violations of the statutes cited in the complaint, the Defendants state that three phone calls placed over

a month do not rise to the level of harassment contemplated by the statutes in question.

The Defendants seek an order of this Court dismissing all counts of the Plaintiff's Complaints filed in the above consolidated actions as the remainder of this Motion will demonstrate that there exists no genuine issue of a material fact in this matter, or in the alternative, dismissing each count in which the Court finds there exists no genuine issue of a material fact.

**UNDISPUTED MATERIAL FACTS**

1. The Defendants caused the telephone of the Plaintiff to ring on February 24, 2005, March 7, 2005, and March 19, 2005. A photocopy of the Plaintiff's phone records is attached hereto as Exhibit A and is incorporated herein by this reference.

2. The Plaintiff never personally answered any of the three phone calls referenced in the Plaintiff's Complaint. *See Plaintiff's Responses to Discovery*, copies of which are attached hereto as a group as Exhibit B and are incorporated herein by this reference.

3. The Plaintiff has alleged physical and emotional harm as a result of the ringing of his telephone in the Complaint. *See Plaintiffs Complaints* filed in 05-CV-1241 and 06-CV-1033.

4. The Plaintiff has no medical or psychological records resulting from treatment for the alleged injuries in this matter. A copy of the Plaintiffs Discovery responses are attached hereto as

a group as Exhibit C and are incorporated herein by this reference.

5. The Plaintiff has no medical or psychological bills associated with treatment for the alleged injuries in this matter. *See Exhibit C.*

**ARGUMENT**

Per FED. R. CIV. P. 56(c), summary judgment is proper only if

> "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The initial burden rests with the moving party to set forth "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes shows the absence of any genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. P. 56(c)). Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial."FED. R. CIV. P. 56(e).
>
> *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971(7th Circ. 1996)

"The nonmovant cannot just demonstrate some factual disagreement between the parties; the issue must be 'material.' Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). "There is no genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. . . .' *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986); *see also Sokaogon Chippewa Community v. Exxon Corp.*, 2 F.3d 219, 225 (7th

Cir.1993), *cert. denied*, 510 U.S. 1196, 127 L. Ed. 2d 655, 114 S. Ct. 1304 (1994); *Colosi v. Electri-Flex Co.*, 965 F.2d 500, 503-04 (7th Cir.1992). "If there is no genuine issue of material fact, the only question is whether the moving party is entitled to judgment as a matter of law." *Miranda v. Wisconsin Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996).

The actions complained of by the Plaintiff in the above captioned cause are that the Defendants caused the telephone of the Plaintiff to ring on three separate occasions over a thirty-six (36) day period. The Plaintiff alleges that this action by the Defendants has caused him mental and emotional harm and is in violation of Title 15 of the United States Code.

15 U.S.C. 1692k(b)(1) states that factors that the court may consider in its award of additional damages include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Such statutory language leads to the conclusion that Congress intended for this statute to be punitive in nature to debt collectors who frequently and intentionally violated its provisions. Congress enacted 15 U.S.C. 1692 to protect consumers from the "abusive debt collection practices by debt collectors..." *Udell v. Kansas Counselors, Inc.*, 313 F. Supp.2d 1135 (U.S.Dist. Ka. 2004). The *Udell* court determined that there was "nothing harassing, oppressive, or abusive" regarding KCI's four telephone calls over seven days when no messages were left. *Udell* at 1144.

Similarly here, the Plaintiff does not allege that any messages were left by the Defendants and the telephone calls were spaced out much farther apart than those in *Udell*.

The conduct of the Defendants here, even if found to be in violation of the statute, do not rise to the level of harassment contemplated by Congress in the crafting of this statute. *See Bennett v. Arrow Financial Services, L.L.C.*, 2004 U.S. Dist. Lexis 6617 (N.Dist. Ill. 2004). In *Bennett* two phone calls completed a couple of weeks apart did not rise to the level of intentional harassment necessary to support a claim under 15 U.S.C. 1692d(5). Similarly, in the case at bar, three phone calls were completed over the space of 36 days with only one call being answered by the Plaintiff, and then only for approximately 7 seconds.

The Plaintiff has, in his responses to discovery, admitted that he has not sought any medical or psychiatric assistance due to his alleged injuries, see Exhibit C and incorporated herein by this reference, yet the Plaintiff feels that 3 phone calls made over 36 days entitles him to $558,000.00 in damages. It is well established by the case law previously stated, especially when that case law is read with the plain language of the statutes, that the Plaintiff is entitled to no money and has filed a frivolous complaint against the Defendants.

As stated in *Matsushitu* above, "[t]here is no genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. . . .' The

record of these cases, when taken as a whole, or even separate, cannot lead this rational court to a determination that the Plaintiff was harmed under the statutes cited in the complaint by three unanswered telephone calls, with no message left, and placed over a period of 36 days between the first call and the last. To reach that determination would create precedent which would stand for the proposition that a debt collector cannot cause the telephone of an alleged debtor to ring at all without opening the debt collector up to the strictest of liability. Such outcome was not the intention of Congress when 15 U.S.C. 1692 was drafted. Had it been, it would have been only too easy for Congress to completely outlaw the use of the telephone in debt collection proceedings by the inclusion of specific language to that effect.

## CONCLUSION

The Defendants' caused the telephone of the Plaintiff to ring three times during a 36-day period. The Plaintiff never personally spoke with any of the Defendants during those calls. The Defendants did not leave any messages during those calls. 15 U.S.C. 1692 was drafted to halt intimidating and unfair debt collection practices. The actions of the Defendants are not of the sort contemplated by the statutes in question. These statutes, therefore, do not apply in this matter. Case law authority supports the position of the Defendants. The Plaintiff has not and cannot produce case law authority to support his contention that



these circumstances warrant a finding of liability under the

statutes. There exists no genuine issue of material fact when the record of these causes cannot lead this court to a finding for the Plaintiff.

**WHEREFORE**, the Defendants move this court for an order of Summary Judgment in their favor and dismissing the Complaint of the Plaintiff in 05-CV-1241 and 06-CV-1033, with prejudice.

> Respectfully Submitted,
> By: __s/Michael L. Hill__
> Bar No. 6284881
> Attorney for Defendant
> Schuering & Associates, P.C.
> 3050 Montvale Drive, Suite B
> Springfield, Illinois 62704
> Telephone: (217) 698-6060
> Facsimile: (217) 698-6161
> michael.hill@skklawyer.com

```
            UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF ILLINOIS
                  PEORIA DIVISION
```

KENNETH W. SIMMONS,           )
                              )
            Plaintiff,        )
                              )
v.                            )    Case No's: 05-1241 &
                              )               06-1033
CONSUMER ADJUSTMENT COMPANY (CACI),)
ANDREA HIGGINS, JAMIE CLIFTON &    )
CHRISTINA KARY,               )
                              )
            Defendants.       )

## CERTIFICATE OF SERVICE

The undersigned certifies that the Defendants' Motion For Summary Judgment was filed with the United States District Court, Central District of Illinois, Peoria Division, and that copies of said documents were served on the Plaintiff of record via First Class Mail on this 6th day of October, 2006, addressed to the Plaintiff at 12836 Appenzeller Road, Mackinaw, Illinois 61755, his residential address as disclosed by the pleadings of the record herein.

                              s/ Michael L. Hill
                              Michael L. Hill
                              Reg. # 6284881
                              Attorney for Defendant
                              Schuering & Associates, P.C.
                              3050 Montvale Drive, Suite B
                              Springfield, Illinois  62704
                              Telephone: (217) 698-6060
                              Facsimile: (217) 698-6161
                              michael.hill@skklawyer.com

FROM : FAX NO. :3147290215 :P. 06 2005 09:46AM P8


EXHIBIT A

| Switch : PEOR PEO2 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Start Date | Connect Time | Duration (Sec) | Orig Number | Dialed Digits | Called Number | Call Type | AN | 3W | CW | CF | MS |
| 2/24/2005 | 17:22:26 | | 8774494411 | 6359697 | 3096359697 | L-M | N | N | N | N | N |
| 3/1/2005 | 18:53:44 | | 0000000000 | 6359697 | 3096359697 | L-M | N | N | N | N | N |
| 3/7/2005 | 13:41:45 | | 8774494411 | 6359697 | 3096359697 | L-M | N | N | N | N | N |
| 3/14/2005 | 10:19:18 | | 3096359697 | 13096359697 | 3092329170 | M-L | N | N | N | N | N |
| 3/19/2005 | 08:37:16 | 000007 | 8774494411 | 6359697 | 3096359697 | L-M | Y | N | N | N | N |

AN: Call Answered  CF: Call Forwarding  CW: Call Waiting
3W: Three way calling  MS: Multiple switches

Remedy: 22031   309-635-9697   Page 1 of 1



RESPONSE:

**INTERROGATORY 4)** Have you filed any actions in any Federal Court within the last five years? If so, for each action, please state the date of filing, the case number, all parties thereto, a brief description of the action, and the disposition of each action.

RESPONSE:

**INTERROGATORY 5)** Please disclose the date and time of all telephone calls received by you from CACI.

RESPONSE:

**INTERROGATORY 6)** Did you have an answering machine connected to your phone line during the time period referenced in your Complaint? If so, please state the make, model, and serial number of any and all answering machines used during the referenced time period.

RESPONSE:

**INTERROGATORY 7)** Did you have a caller identification system connected to your telephone line during the time period referenced in your Complaint? If so, provide the type of caller identification, the provider of said services, or, if a separate unit, please provide the make, model, and serial number of any and all units.

RESPONSE:

**INTERROGATORY 8)** Please provide the dates and times of all instances during which you spoke via telephone with any

representative of the Defendant, and provide the details of each of those conversations.

**RESPONSE:**

**INTERROGATORY 9)** Have you ever been convicted of a crime involving dishonesty or fraud? If so, for each conviction, please provide the date, details of the conviction, the arresting agency and the disposition of the conviction, and attach any reports or other documents regarding each conviction.

**RESPONSE:**

**INTERROGATORY 10)** During the time period referenced in your Complaint, did you have health insurance coverage? If so, please provide a copy of each policy or policies under which health insurance coverage was provided to you.

**RESPONSE:**

**INTERROGATORY 11)** Describe the psychiatric, psychological, and/or emotional injuries you alleged to have suffered as a result of the acts alleged to have been committed by the Defendant in your Complaint.

**RESPONSE:**

**INTERROGATORY 12)** With regard to the aforementioned injuries, state:

    A.    The name of any psychiatric, psychological and/or emotional injury claim, and a name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury;

    B.    Whether you had suffered any psychiatric, psychological

12-9-05

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-                                    CASE NO.05-1241
CACI
DEFENDANT

Plaintiff's answer to interrogatories

DEFENDANT'S INTERR. 1.
Answer - This iterr. is irrelevant and priviledge.
DEFENDANT'S INTERR. 2.
Answer - I have lived at present address for 5 years.
DEFENDANT'S INTERR. 3.
Answer - I am presently unemployed.
DEFENDANT'S INTERR.4.
Answer - I have filed numerous civil rights actions in Federal Court, I do not recall each action,date, case numbers, all parties thereto, and the defendant can retrieve this information via the courts records.
DEFENDANT'S INTERR. 5.
Answer - The Plaintiff objects to this interr., in that it requests answers already provided in the complaint.
DEFENDANT'S INTERR. 6.
Answer - No.Plaintiff did have voice mail provided by U.S. Cellular.
DEFENDANT'S INTERR. 7.
Answer - Plaintiff did have caller I.D. provided by U.S. Cellular.
DEFENDANT'S INTERR. 8.
Answer - Plaintiff called Defendant on 2-18-05, denied oweing the alleged debt.
DEFENDANT'S INTERR. 9.
Answer - No
DEFENDANT'S INTERR.10.
Answer - No
DEFENDANT'S INTERR.11.
Answer - I felt harassed, annoyed, and abused. Not to mention mad.
DEFENDANT'S INTERR.12.
Answer - None.
DEFENDANT'S INTERR. 13.
Answer - Plaintiff objects as this interr. requests information already disclosed.
DEFENDANT'S INTERR. 14.
Answer - Yes. I am still being harrassed, annoyed and abused by the defendant.

dated 12-9-05

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

KENNETH W. SIMMONS
Pro Se



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-                                    case no. 06-1033 &
Higgins, et al.

CACI                                   case no. 05-1241

Plaintiff's Response to First Amended Request to Produce

1. Answer : I have provided all documents sent to Defendant/ Defendants, see attached documents to complaint, including Confidential Settlement Offer.

2. Answer : I have provided all letters I received from Defendant/Defendants, see attached to complaint.

3. Answer : See attached exhibit 1, Federal tax returns and transcripts for 2001, 2002, 2003, 2004 and 2005. Also attached are state tax returns for 2003, 2004, and 2005. I have requested and paid the twenty dollars to the Illinois Dept. of Revenue and await they're delivery. Plaintiff will email them to Attorney Hill upon receipt.

4. Answer : I have provided all documents I possess of my phone records, See Traci Hart documents as well.

5. Answer : I have no recordings.

6. Answer : I have attached all copies of complaint I have filed within the last five years, Exhibit 2 that I possess. I will supply copies of the other complaints within 10 days of service of this response.

7. Answer : I have provided all documents that I intend to use at trial, see attached to complaint and telephone records already provided.

8. Answer : I have no medical related to this cause.

Kenneth W. Simmons                     K.W. Simmons
12836 Appenzeller Rd.                  Pro Se
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                                  case no. 06-1033
Higgins, et al
Defendant's

CACI                                                 case no. 05-1241

Certificate of service

The undersigned certifies that on 7-11-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's response to first amended request to produce, before 5.p.m. via U.S. Mail.

Kenneth W. Simmons                K.W. Simmons
12836 Appenzeller Rd.             Pro Se
Mackinaw, Ill. 61755
309-359-5820

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KENNETH W. SIMMONS
PLAINTIFF
-V-                                                  case no. 06-1033 &
Higgins, et al.

CACI                                                 case no. 05-1241

Supplemental Response to Defendant's First Amended Request to Produce

8. Answer : I have no medical RECORDS related to this cause.

                                                     K.W. Simmons
                                                     Pro Se

Kenneth W. Simmons
12836 Appenzeller Rd.
Mackinaw, Ill. 61755
309-359-5820
simmons@route24.net

1:05-cv-01241-JBM-JAG    # 129    Page 15 of 16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH W. SIMMONS
PLAINTIFF

-V-                                              case no. 06-1033
Higgins, et al
Defendant's

CACI                                             case no. 05-1241

Certificate of service

The undersigned certifies that on 7-21-06 the Plaintiff served upon the attorney of record a copy of the Plaintiff's supplemental response, before 5.p.m. via U.S. Mail and email.

Kenneth W. Simmons                    K.W. Simmons
12836 Appenzeller Rd.                 Pro Se
Mackinaw, Ill. 61755
309-359-5820